**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MICHELLE CHRISTIAN, | |
| Plaintiff, | Civil Action No. 2:24-cv-01319 |
| v. | |
| OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; AND OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    INTRODUCTION

Defendants Omnis Global Technologies, LLC, ("OGT"), Omnis Building Technologies, LLC, ("OBT"), OBT Bluefield, LLC, ("OBT Bluefield"), Omnis Fuel Technologies LLC D/B/A Omnigen ("OFT"), and Omnis Sublimation Recovery Technologies, LLC, ("OSRT"), (collectively "Omnis" or "Defendants") move to dismiss Plaintiff Michelle Christian's Complaint under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Rule 12(b)(3).

Although only OGT and OBT Bluefield employed Ms. Christian, she alleges all five Defendants collectively (1) discriminated against her and harassed her based on her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) discriminated against her and harassed her based on her religion in violation of Title VII (Count II); (3) retaliated against her in violation of the False Claims Act ("FCA") (Count III); (4) were unjustly enriched by retaining her allegedly non-discretionary bonus (Count IV); (5) breached an agreement to give her a non-discretionary bonus (Count V); (6) violated Pennsylvania's Wage Payment and Collection Law by not paying her a non-discretionary bonus (Count VI); and (7) induced her to return to work by promising a non-discretionary bonus (Count VII). As Ms. Christian's pleading is defective under Rule 12, three forms of relief are in order.

First, the Court should dismiss Count III of Plaintiff's Complaint because Ms. Christian does not state a claim of retaliation under the FCA. Second, the Court should dismiss the remainder of the Complaint because Plaintiff fails to articulate her claims against each Defendant as required by Federal Rule of Civil Procedure 8(a)(2) and because Ms. Christian initiated her Complaint in an improper venue.

## II.    STATEMENT OF FACTS

According to the Complaint, Ms. Christian began working for OGT on November 16, 2020, as the Vice President of Government Relations, reporting directly to OGT President Simon

Hodson.[1] (ECF 1 at ¶¶ 14, 18). Ms. Christian was responsible for "all Defendant Omnis companies

with private and public contacts to develop all Defendant Omnis' businesses." (*Id.* at ¶ 15). Ms.

Christian alleges that OBT is based out of Santa Barbara, California but that she was hired to work

from her home in Bucks County, Pennsylvania and travel when needed. (*Id.* at ¶ 16).

Ms. Christian alleges that, "[b]etween June through August 2023, [she] began asking

Hodson questions about his various companies and how certain things did not make sense

financially." (ECF 1 at ¶ 59). She claims she was concerned about "Hodson and the Defendant

Omnis companies" making false representations to the government to "receive funds and

assistance in the form of government loans and grants." (*Id.* at ¶ 60). Ms. Christian states that her

"concerns peaked" when she realized that Mr. Hodson and the Omnis companies had purportedly

made so many misrepresentations to government officials that it would be difficult for her to

support their claims without better understanding the facts; so, she continued to ask Mr. Hodson

questions. (*Id.* at ¶ 61). She contends that she confronted Mr. Hodson about the truthfulness of

statements he was making to the government, and objected to his efforts to "defraud" government

officials for investment funds. (*Id.* at ¶ 65). Ms. Christian alleges that Mr. Hodson knew she "had

active meetings occurring and planned with government officials in the coming weeks regarding"

Mr. Hodson's efforts to secure a loan. (*Id.* at ¶ 67).

Ms. Christian further claims that, days after she expressed concerns about alleged

---

[1] For purposes of this Motion only, Omnis assumes the factual accuracy of the allegations in Ms. Christian's Complaint as required by Federal Rule of Civil Procedure 12(b)(6). In reality, however, Ms. Christian worked for only two of the Defendant entities. OGT employed Ms. Christian as Vice President of Government Relations from November 16, 2020, until she was furloughed on July 21, 2021. On July 22, 2021, OGT sent Ms. Christian a letter proposing her reinstatement. On July 29, 2021, Ms. Christian signed the proposed agreement, thus reinstating her position at OGT. In April 2022, Ms. Christian ceased working for OGT and began working for OBT Bluefield. She ceased employment with that entity no later than September 9, 2023.

"misrepresentations" made by Mr. Hodson to government officials and complained about sex-based harassment, she was instructed to "cease and desist all work for any of the Omnis companies." (*Id.* at ¶ 75).

She also alleges that an undifferentiated mass of "Defendants" committed various other illegalities.

Ms. Christian sued on March 28, 2024. (ECF 1). Defendants executed waivers of service of summons. (ECF 8). Defendants now timely move to dismiss Plaintiff's Complaint. As demonstrated below, Ms. Christian's Complaint fails to state a claim for relief under the FCA and overall fails to differentiate among the Defendants, such that the Complaint should be dismissed in its entirety. In addition, Plaintiff initiated her Complaint in the improper venue.

## III.   LEGAL ARGUMENT

### A.   Standard of Review Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that each defendant be given fair notice of the claim against *that particular defendant*, and the ground upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take three steps to determine whether a complaint satisfies Rule 8(a)(2): (1) identify the elements of the plaintiff's claim; (2) review the complaint to strike conclusory allegations; and, (3) after considering the well-pleaded components of the complaint, evaluate whether the alleged facts plausibly suggest that all of the elements identified in part one exist. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)).

Because Ms. Christian's Complaint fails to meet this standard, dismissal is in order.

### B.   Ms. Christian Fails To State A Claim For Retaliation Under The FCA

The FCA prohibits knowingly making false or fraudulent claims to get the federal government to pay for goods or services. *See* 31 U.S.C. §§ 3729–3733. Section 3730(h), on which

Ms. Christian bases her retaliation claim, protects employees, contractors, and agents of a business:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1).

To state a *prima facie* case of retaliation under the FCA, therefore, Ms. Christian must show she (1) engaged in protected conduct; and (2) experienced discrimination "because of" the protected conduct. *Hutchins v. Wilentz, Goldman & Spitzer,* 253 F.3d 176, 186 (3d Cir. 2001); *Hall v. Abington Mem'l Hosp.*, No. CV 22-2429, 2023 WL 6216526, at *3 (E.D. Pa. Sept. 25, 2023). There are two categories of "protected conduct" under the FCA: (1) "lawful acts done . . . in furtherance of" an FCA action; and (2) "other efforts to stop 1 or more violations of [the FCA]." 31 U.S.C. § 3730(h)(1); *see Hall*, 2023 WL 6216526 (discussing the "litigation" and "other efforts" prongs of § 3730(h)(1)). Ms. Christian does not attempt to allege protected activity under the first prong of § 3730(h)(1), so we focus on her attempt to allege protected activity under the second "other efforts" prong.

To plead the first element of a *prima face* claim, plaintiffs proceeding under the "other efforts" prong must plead facts plausibly suggesting "that some nexus exists between their actions and the prevention of an actual or potential violation of the FCA." *Hall*, 2023 WL 6216526, at *4. They must also plead facts plausibly suggesting their belief about the employer's actual or impending FCA violation was "objectively reasonable." *Id.*

Turning to the second element of a *prima facie* claim, plaintiffs must plead facts plausibly suggesting "that the discrimination would not have occurred but for the plaintiffs' protected

activity; the protected activity cannot merely be one of several motivating factors that lead to discriminatory treatment." *Id.* (citing *DiFiore v. CSL Behring*, LLC, 879 F.3d 71, 76–78 (3d Cir. 2018)).

### 1.     Ms. Christian Does Not Allege Facts Plausibly Suggesting "Protected Conduct" Under the FCA

The FCA requires a claim for payment from the federal government. *See* 31 U.S.C. §§ 3729–3733; *see also Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989, 2001 (2016) (the FCA does not cover all frauds, only those where a false claim for payment has been made to the government); *U.S. ex rel. Watson v. Connecticut Gen. Life Ins. Co.*, 87 F. App'x 257, 260 (3d Cir. 2004) (same). "Not all false statements made to the federal government are claims within the meaning of the False Claims Act"; the FCA "only prohibits fraudulent claims that cause or would cause economic loss to the government." *Hutchins*, 253 F.3d at 179, 183. Thus, to survive a motion to dismiss, a plaintiff must plead enough facts to plausibly suggest she has an objectively reasonable belief the employer made, or was about to make, a false claim to cause the government to pay money. *Carlson v. DynCorp Int'l*, 657 F. App'x 168, 173 (4th Cir. 2016) (affirming the dismissal of the plaintiff's complaint where it did not contain enough facts to suggest that the employer "made or was about to make a false claim on the government") (internal citation omitted); *see also Chowns Group, LLC v. John C. Gimberg Co.*, Civ. Action No. 22-2238, 2024 WL 375824, at *9 (E.D. Pa. Jan. 20, 2024) (noting that protected conduct need not consist of a winning FCA claim but must consist of "actions taken in furtherance of a *viable* False Claims Act case," and dismissing the lawsuit for failure to allege facts plausibly suggesting such actions) (internal citation omitted); *Smith v. Ideal Concepts, Inc.*, No. 5:23-CV-2166, 2023 WL 8188446, at *4 (E.D. Pa. Nov. 27, 2023) (dismissing the plaintiff's FCA claim for failing to state a nexus to a FCA violation).

Ms. Christian has not pleaded enough facts to plausibly suggest she had an objective, reasonable belief any Defendant made, or was about to make, a false claim for payment from the government. Ms. Christian alleges only that she "began asking Hodson questions about his various companies and how certain things did not make sense financially" and "was concerned about Hodson and the Defendant Omnis companies making false representations to state and federal officials in order to received funds and assistance in the form of government loans and grants." (ECF 1 at ¶¶ 59-60). She claims she objected to "ongoing efforts to defraud government officials for investment funds" and that she "accused Hodson of lying to the Federal Department of Energy and the West Virginia Government," but does not allege that Defendants ever received such funds or made a claim for such funds. (ECF 1 at ¶¶ 65-66). She states further that Hodson knew she "had meetings occurring and planned in the coming weeks regarding his effort to secure" a loan, but does not aver that any Defendants ever received a loan or made a claim for payment to the government. (ECF 1 at ¶ 67). Most critically, she does not claim that any Defendant ever even applied for a loan or a grant from the government, or was about to do so. These omissions are fatal to Ms. Christian's FCA claim. *See Carlson*, 657 F. App'x at 173.

Because Ms. Christian fails to plead facts plausibly suggesting she had an objectively reasonable belief any Defendant made, or was about to make, a false claim to cause the government to pay money, Ms. Christian's Complaint is devoid of any nexus between her complaints and a potential FCA violation. Therefore, Ms. Christian does not plead a *prima facie* case of FCA retaliation, and the Court should dismiss her claim. *See id*.

> **2.** **Ms. Christian Fails to Plead Facts Plausibly Suggesting A Connection Between Her Purported Protected Conduct and the Separation of Her Employment**

A plaintiff must also plead facts plausibly suggesting she experienced discrimination that "would not have occurred but for [her] protected activity; the protected activity cannot merely be

6

one of several motivating factors that lead to discriminatory treatment." *Hall*, 2023 WL 6216526, at *5. The FCA requires employees to prove they were discriminated against "because of" their protected conduct. *Hutchins*, 253 F.3d at 188. To meet this requirement, a plaintiff must show her employer had knowledge that she was engaged in "protected conduct" and that the employer retaliated against her because of that conduct. *Id.*

Ms. Christian alleges no facts sufficient to show that Defendants had notice she was raising any concerns under the FCA—Defendants could not have had knowledge that Ms. Christian was engaging in protected activity under the FCA because Defendants had made no claim for payment from the government. Ms. Christian also cannot show that she believed Defendants were violating the FCA, that her belief was reasonable, and that she acted based on that belief to stop one or more violations of the FCA. Rather, she admits she did not understand what Defendants were doing, stating it would be difficult for her to support claims the "Omnis companies had made" … "without further understanding." (ECF 1 at ¶ 61). While acknowledging negotiations to convert her employment and change her relationship with Defendants to that of a contractor, Ms. Christian claims Defendants terminated her employment "days after" she raised concerns about the "misrepresentations" Defendants were making to the government. (ECF 1 at ¶¶ 74- 75). She then draws an unsupported conclusion that her termination was related to purported reports of allegedly unlawful conduct and sex discrimination. She therefore does not aver that she was terminated "because of" her alleged protected conduct. *See DiFiore*, 879 F.3d 71 (the protected activity must be the "but-for" cause of the termination).

As such, Ms. Christian does not plead a *prima facie* case of FCA retaliation, and her claim should be dismissed.

### C.      Ms. Christian Fails to Differentiate between Defendants

In addition to asserting a defective claim of retaliation under the FCA, Ms. Christian

violates Fed. R. Civ. P. 8(a)(2) by failing to provide sufficient notice to each Defendant of the specific claims against it. *See, e.g., Pietrangelo v. NUI Corp.,* No. 04-3223, 2005 U.S. Dist. LEXIS 40832, at \*33-35 (D.N.J. July 18, 2005) (noting that Rule 8(a)(2) exists so that *each defendant* has knowledge of what claims and factual allegations the Complaint asserts against it); *Trader v. Fiat Distributors, Inc.,* 476 F. Supp. 1194, 1197-98 (D. Del. 1979); *Przybylski v. Stumpf,* No. CV-10-8783, 2011 U.S. Dist. LEXIS 1017, at \*11 (D. Ariz. Jan. 5, 2011). Where a plaintiff brings a claim or claims against multiple defendants, Rule 8(a)(2) requires that the plaintiff "differentiate between the defendants," *Pietrangelo,* 2005 U.S. LEXIS 40832, at \*33, and not plead that every bad act alleged was committed by "the defendants" *en masse.*

Ms. Christian's Complaint does not meet this standard. Throughout her Complaint, Ms. Christian pleads that an undifferentiated mass of "Defendants" violated the law. (*see, e.g.,* Compl. at ¶¶ 80, 91, 100, 105-110, 115-120, 126-130). Ms. Christian fails to specify where the alleged misconduct took place, when the alleged misconduct occurred, and which Defendant committed which act of alleged malfeasance. (*Id.*).[2] By lumping Defendants together, the Complaint fails to differentiate between each Defendant's alleged misconduct, violates Rule 8(a)(2), and therefore must be dismissed under Rule 12(b)(6). *Pietrangelo,* 2005 U.S. LEXIS 40832, at \*33-35.

**D.**      **The Court Should Dismiss Or Transfer The Lawsuit For Improper Venue**

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, the Court must dismiss or transfer a lawsuit if venue is improperly laid. *de Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 269 (D.N.J. 2001).

---

[2] Ms. Christian lumps together multiple Defendants even though her Complaint reflects that she can differentiate between the Defendants, as she acknowledges that Defendant OGT hired her and is based out of Santa Barbara, California. (ECF 1 at ¶¶ 16, 18). Moreover, Ms. Christian admits that Jonathan Hodson is the President of Defendant OBT (*Id.* at ¶ 21), and that Defendant OFT operates a power plant in West Virginia (*Id.* at ¶ 11).

For Ms. Christian's Title VII claims, Title VII's venue provision (42 U.S.C. § 2000e-5(f)(3)) governs the propriety of venue. Under § 2000e-5(f)(3), a plaintiff may bring a Title VII claim "[1] in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."[3] Ms. Christian bears the burden of establishing at least one of the first three bases for venue, *see Trawick v. Harvey*, 2006 WL 2372241, at \*1 (E.D. Pa. Aug. 16, 2006); if she does not do so, the Court should dismiss the action or transfer it to the judicial district in which Defendants have their principal office, the Northern District of West Virginia*, see de Rojas*, 204 F.R.D. at 269 (granting motion to transfer venue because "Plaintiff is not able to establish venue in New Jersey under any of the three options available under Title VII").

Regarding prong one, Ms. Christian cannot establish the alleged unlawful employment practices occurred in the Eastern District of Pennsylvania. To begin, the Complaint alleges some of the challenged practices happened in West Virginia. *See* Compl. ¶ 74. In other instances, the Complaint is silent as to where the challenged practices allegedly happened. But a discriminatory practice is "committed" where the bad actor does the (alleged) bad act. Where the allegedly discriminatory action is a decision to terminate, for example, the practice was committed where

---

[3] The mere fact that the plaintiff resides in her chosen forum *does not* make venue proper under 42 U.S.C. § 2000e-5(f)(3). *Trawick*, 2006 WL 2372241, at \*3 (transferring venue even though plaintiff resided in E.D. Pa.); *Kastanidis v. Commonwealth of Pennsylvania*, 2016 WL 3459536, at \*2 (M.D. Pa. June 24, 2016) (cleaned up) (citing 42 U.S.C. § 2000e-5(f)(3) and transferring venue even though the plaintiff's chosen forum was E.D. Pa., where she lived).

the decisionmaker made the decision. *See, e.g. de Rojas*, 204 F.R.D. at 267-68. As set forth in the declaration appended as Exhibit 1 to this motion, most of the individuals Ms. Christian alleges committed the unlawful acts directed against her, lived or worked in West Virginia. Therefore, the alleged bad acts happened (assuming they happened at all) outside of this jurisdiction.

Turning to prong two, the declaration appended as Exhibit 1 establishes that all employment records relating to Ms. Christian were kept in the Northern District of West Virginia, not this district.

As to prong three, venue is proper in "*the* judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3) (emphasis on singular added). As stated in the declaration appended as Exhibit 1, Ms. Christian's job required her to work in many states, including West Virginia, so it cannot be said that the Eastern District of Pennsylvania is *the* judicial district in which Ms. Christian would have worked but for the allegedly unlawful conduct; the Eastern District of Pennsylvania is merely one of many such districts. Accordingly, Ms. Christian cannot establish venue under prong three of 42 U.S.C. § 2000e-5(f)(3).

Accordingly, Ms. Christian cannot establish one of the first three bases for venue under 42 U.S.C. § 2000e-5(f)(3), and so the Court must either dismiss this lawsuit without prejudice to Plaintiff filing in the United States District Court for the Northern District of West Virginia or transfer the case there. *See, e.g. de Rojas*, 204 F.R.D. at 269-70 (transferring entire case, including both Title VII claims and common-law claims, where the plaintiff fails to establish venue under § 2000e-5(f)(3)).

## IV.     CONCLUSION

Ms. Christian does not state a claim for relief under the FCA, so Count III should be dismissed. Ms. Christian also fails to differentiate between the Defendants, and she initiated her

Complaint in the improper venue.

The Court should dismiss Ms. Christian's Complaint without prejudice to her refiling it in

the United States District Court for the Northern District of West Virginia.


Dated: May 28, 2024                                    Respectfully submitted,


                                                       */s/ Matthew J. Hank*
                                                       _____
                                                       Matthew J. Hank, Bar No. 86086
                                                       mhank@littler.com
                                                       Alexa J. Laborda Nelson, Bar No. 314652
                                                       alabordanelson@littler.com
                                                       Haley R. Norwillo, Bar No. 333731
                                                       hnorwillo@littler.com
                                                       LITTLER MENDELSON, P.C.
                                                       Three Parkway
                                                       1601 Cherry Street, Suite 1400
                                                       Philadelphia, PA 19102.1321
                                                       Telephone:    267.402.3000
                                                       Facsimile:    267.402.3131

                                                       Attorneys for Omnis Global Technologies,
                                                       LLC, Omnis Building Technologies, LLC,
                                                       OBT Bluefield, LLC, Omnis Fuel
                                                       Technologies, LLC, and Omnis Sublimation
                                                       Recovery Technologies, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 28th day of May 2024, a copy of the Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Ari R. Karpf, Esq.
Christine E. Burke, Esq.
KARPF, KARPF & CERUTTI, P.C.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

akarpf@karpf-law.com
cburke@karpf-law.com

*Counsel for Plaintiff*

/s/ Matthew J. Hank
Matthew J. Hank