**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>      Plaintiff,<br><br>   v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC;<br>OMNIS BUILDING TECHNOLOGIES, LLC;<br>OBT BLUEFIELD, LLC; OMNIS FUEL<br>TECHNOLOGIES LLC D/B/A OMNIGEN;<br>AND OMNIS SUBLIMATION RECOVERY<br>TECHNOLOGIES, LLC,<br><br>      Defendants. | Civil Action No. 2:24-cv-01319 |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.      INTRODUCTION**

Defendants Omnis Global Technologies, LLC, ("OGT"), Omnis Building Technologies, LLC, ("OBT"), OBT Bluefield, LLC, ("OBT Bluefield"), Omnis Fuel Technologies LLC D/B/A Omnigen ("OFT"), and Omnis Sublimation Recovery Technologies, LLC, ("OSRT"), (collectively "Omnis" or "Defendants") moved Plaintiff Michelle Christian's Complaint because she failed to state a claim for retaliation under the False Claims Act ("FCA").

In order to state a claim under the FCA, Ms. Christian has to plead facts stating her objectively reasonable basis for believing that Omnis made a false claim for payment to the government. Simply claiming that Omnis planned to receive government money is insufficient—the trigger for a FCA claim is the submission of a false claim for payment to the government. Ms. Christian does not describe complaints with any nexus to a FCA claim, so her Complaint does not describe activity protected by the FCA. Her FCA claim should be dismissed.

In addition, the Court should dismiss the remainder of the Complaint because Ms. Christian fails to articulate her claims against each Defendant as required by Federal Rule of Civil Procedure 8(a)(2) and, to cure this deficiency, improperly presents a joint employer argument in her response brief rather than amending her Complaint. Finally, if the Complaint is not dismissed, it should be transferred to the Norther District of West Virginia.

**II.     MS. CHRISTIAN FAILED TO STATE A CLAIM FOR RETALIATION UNDER THE FCA**

In order to state a claim for FCA retaliation, Ms. Christian has to allege she engaged in protected conduct. Protected conduct is defined as "lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. 3730(h)(1). "Violations of this subchapter" refers to the FCA's prohibition against knowingly making false or fraudulent claims to the federal

government for payment for goods or services. See 31 U.S.C. §§ 3729–3733. Congress expanded the scope of the FCA's retaliation provision in 2009 and 2010 to include "other efforts to stop" violations of the FCA, but retaliation claims must still have a nexus to a viable FCA claim. *See Dookeran v. Mercy Hosp. of Pittsburgh*, 281 F.3d 105, 108 (3d Cir. 2002) ("If there is no way that [Plaintiff's] conduct of informing [Defendant's] administrators about the allegedly fraudulent application could reasonably lead to a viable FCA action, then the whistleblower provision provides him no protection."); *see also United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 508 (3d Cir. 2017) (plaintiff's retaliation claim failed because the underlying FCA claim was not viable); *Hall v. Abington Mem'l Hosp.*, No. 22-2429, 2023 WL 6216526, at *8 (E.D. Pa. Sept. 25, 2023) (a FCA retaliation claim must "identify a nexus between the plaintiffs' conduct and a potential FCA violation."); *Smith v. Ideal Concepts, Inc.*, No. 5:23-CV-2166, 2023 WL 8188446, at *3 (E.D. Pa. Nov. 27, 2023) (dismissing the plaintiff's FCA claim because "[t]he Amended Complaint puts forward an unclear theory of FCA retaliation."). Ms. Christian's Complaint states no nexus to a viable FCA claim. Nowhere in Ms. Christian's Complaint does she aver that she complained that the defendants "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1).

In *Smith v. Ideal Concepts*, the plaintiff alleged that his employer retaliated against him "for having reported [its] ongoing *fraudulent misrepresentation* to the Federal government." 2023 WL 8188446, at *4 (emphasis in original). The plaintiff alleged that the company was violating CMS regulations and receiving Medicare monies. *Id.* The Court found that the plaintiff made "a conclusion without any factual averments to support it." *Id.* The Court further noted that the plaintiff identified "no express law, rule, or regulation" to support his allegations. *Id.* As such, the plaintiff failed "to explain how the purported" regulatory violations rendered any claim for

payment from "the federal government fraudulent or a potential FCA violation" as required to state a claim under the FCA. *Id.* (citing *Hall*, 2023 WL 6216526, at *3 (dismissing the plaintiff's FCA retaliation claim where the plaintiffs complained about billing Medicare and Medicare for the use of recalled medical equipment).

Similarly here, Ms. Christian alleges that Omnis has made "misrepresentations to government officials" without any factual averments to support her allegations. (ECF 1 ¶ 61). She fails to identify any claim for payment from the government, claiming only that Omnis intends to seek payment from the government at some future time. (ECF 1 ¶¶ 65-67). She identifies no law, rule, or regulation to support her allegations, and does not explain how the purported misconduct renders any claim for payment, or anticipated clam for payment, fraudulent or a potential FCA violation. (ECF 1). Indeed, Ms. Christian's FCA claims are even more speculative and attenuated than those in *Smith*. Absent from Ms. Christian's Complaint is a single averment regarding any claim for payment from the government, application for a loan, or fraudulent misrepresentation or statement. (ECF 1 ¶¶ 65-67). Ms. Christian references only meetings, plans, and intentions. (ECF 1 ¶ 67). Ms. Christian does not aver, because she cannot, that Omnis is covered by the FCA, which provides protections for employees and contractors of a business that contracts with the government. *See* § 3730(h). Ms. Christian's "unclear theory of FCA retaliation" should be dismissed. *Smith*, 2023 WL 8188446, at *3.

Ms. Christian's reliance on *Chowns Group, LLC v. John C. Gimberg Co.*, No. CV 22-2238, 2024 WL 375824 (E.D. Pa. Jan. 30, 2024) is puzzling. In *Chowns Group*, the plaintiff complained that the defendants certified in invoices that construction work satisfied contract specifications. *Id.* at *1. The Court found that the certifications were not material to the government's decision to pay, and thus the plaintiff's complaints about construction defects, including in a letter to the

government, did not constitute protected conduct. *Id.* at *1, *9-10. The Court dismissed the plaintiff's FCA retaliation claim, holding that the plaintiff "did not complain to [the defendant] about fraudulent conduct or false claims" as required to engage in protected conduct under the FCA. *Id.* at *9. The Court further noted that "'[T]he whistleblower protections apply only to actions taken in furtherance of a *viable* False Claims Act case,' though it need not be a 'winning FCA case.'" *Id.* at *9 (internal citations omitted). Ms. Christian has not presented a viable FCA claim.

Ms. Christian must also aver that Omnis had notice of her alleged protected conduct. *United States ex rel. Ascolese v. Shoemaker Constr. Co.*, 55 F.4th 188, 197 (3d Cir. 2022) (discussing the FCA notice requirement following the 2009 and 2010 amendments). While she alleges she "openly" objected to "ongoing efforts to defraud government officials" and that she accused CEO Simon Hodson "of lying to the Federal Department of Energy and the West Virginia Government," she does not explain how her complaints put Omnis on notice under the FCA. Meaning, Ms. Christian falls short of averring how her actions were done to stop one or more violation of the FCA and that there was an objectively reasonable possibility of an FCA action. *See Ascolese*, 55 F.4th 188, *194-195 (rejecting the "distinct possibility of an FCA action" standard for the second prong) (quoting *U.S. ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 201 (4th Cir. 2018) (rejecting the "distinct possibility" standard for the second prong of §3730(h) and adopting an "objectively reasonable possibility" of a FCA action standard)). Even if Ms. Christian raised concerns about Omnis's representations to government officials, her Complaint is devoid of facts to show that it was objectively reasonable to believe she was making an effort to stop an *FCA violation* where she does not allege Omnis is covered by the FCA, has made a claim for payment from the government, or has an imminent claim for payment from the government where

the alleged "misrepresentations" about which Ms. Christian claims she complained were material to payment. In short, Ms. Christian's Complaint is speculative and, to the extent she raised concerns, they are too attenuated to state a claim under the FCA.

### III. MS. CHRISTIAN FAILED TO BOTH DIFFERENTIATE BETWEEN THE DEFENDANTS AND TO ALLEGE JOINT EMPLOYER LIABILITY

Ms. Christian's Complaint fails to specify the wrongful conduct for which each defendant is allegedly responsible. In order to cure this deficiency, she now attempts to set forth a theory of joint employer liability in response to Defendants' Motion to Dismiss. To establish that each of the Defendants jointly employed Ms. Christian, she would need to establish that each of the Defendants "exercise[d] significant control over" over her and her working conditions. *See, e.g., Graves v. Lowery,* 117 F.3d 723, 727 (3d Cir. 1997). Courts consider the following factors to when determining joint employer liability:

> (1) Authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) day-to-day supervision of employees, including employee discipline; and (3) control of employee records, including payroll, insurance, taxes, and the like.

Id. at *7. Though she presents the argument in her moving papers, Ms. Christian has set forth no factual allegations that show that each of the five Defendants exercised control over her. In failing to differentiate between Defendants and failing to plead or evidence joint employer liability, Ms. Christian does not meet her pleading requirements under Fed. R. Civ. P. 8(a)(2).

### IV. VENUE IS PROPER IN THE NORTHERN DISTRICT OF WEST VIRGINIA

Title VII contains an exclusive venue provision. Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII claim "[1] in any judicial district in the state in which the unlawful employment practice is alleged to have been committed…." Here, many, if not all, of the alleged bad acts took place in the Northern District of West Virginia: paragraphs 34-36, regarding the LDS

5

proclamation as well as paragraphs 68-70, 74 regarding Ms. Christian and Mr. Hodson's in-person discussion at the Greenbrier in West Virginia. As such, venue is proper in the Northern District of West Virginia.

In the Third Circuit, when ruling on a motion to transfer venue, courts consider private factors, including "(1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Nathan v. Takeda Pharm. U.S.A., Inc.*, No. 18-4547, 2019 WL 3216613, at *4 (E.D. Pa. July 17, 2019) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

While Ms. Christian has expressed her forum preference in the Eastern District of Pennsylvania, she is the only witness located here and the only witness who will be inconvenienced by a transfer of this matter to the Northern District of West Virginia (along with her unidentified treating physicians). She has not indicated that she or her physicians would be unavailable for trial in the Northern District of West Virginia. In addition, as noted above, Ms. Christians claims arose in the Northern District of West Virginia and allegedly over Zoom. Ms. Christian does not dispute this but instead argues that Omnis did not include a declaration in support. Moreover, Ms. Christian incorrectly claims that Simon Hodson and his wife reside in California—they live in the Northern District of West Virginia along with Mathew Hart and Jonathan Hodson. Many of the other witnesses identified by Ms. Christian travel to the Northern District of West Virginia for work at Omnis. None resides in the Eastern District of Pennsylvania, and none travels to the Eastern

District of Pennsylvania for work. Ms. Christian seeks to have all of Omnis's employees travel to her for discovery and trial because she chose this forum. This matter should be transferred to the Northern District of West Virginia.

## V.     CONCLUSION

The Court should dismiss Count III of Ms. Christian's Complaint for failure to state a claim for relief under the FCA. Ms. Christian also fails to differentiate between the defendants and does not state the elements of a joint employer argument. Finally, the Court should dismiss Ms. Christian's Complaint without prejudice to her refiling it in the United States District Court for the Northern District of West Virginia.

Dated: June 18, 2024                                        Respectfully submitted,

*/s/ Matthew J. Hank*
Matthew J. Hank, Bar No. 86086
mhank@littler.com
Alexa J. Laborda Nelson, Bar No. 314652
alabordanelson@littler.com
Haley R. Norwillo, Bar No. 333731
hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Attorneys for Omnis Global Technologies, LLC, Omnis Building Technologies, LLC, OBT Bluefield, LLC, Omnis Fuel Technologies, LLC, and Omnis Sublimation Recovery Technologies, LLC

7

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June 2024, a copy of the Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Ari R. Karpf, Esq.
Christine E. Burke, Esq.
KARPF, KARPF & CERUTTI, P.C.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
akarpf@karpf-law.com
cburke@karpf-law.com
Counsel for Plaintiff

*/s/ Matthew J. Hank*
Matthew J. Hank