IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 2:24-cv-01319 |
| OMNIS GLOBAL TECHNOLOGIES, LLC | : |
| and | : |
| OMNIS BUILDING TECHNOLOGIES, LLC | : |
| and | : |
| OBT BLUEFIELD, LLC | : |
| and | : |
| OMNIS FUEL TECHNOLOGIES LLC d/b/a OMNIGEN | : |
| and | : |
| OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC | : |
| Defendants. | : |

**PLAINTIFF'S SURREPLY BRIEF IN FURTHER SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff (hereinafter "Ms. Christian"), by and through her undersigned counsel, hereby submits the instant *Surreply* Brief in further support of her opposition to Defendants' Motion to Dismiss.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*_____
Christine E. Burke, Esq.
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
Date: June 25, 2024          (215)639-0801

I.  **LEGAL ARGUMENT**

i.)  **DEFENDANTS RAISE NEW SUBSTANTIVE ARGUMENTS REGARDING DEFENDANTS' STATUS AS A JOINT AND/OR INTEGREATED EMPLOYERS FOR THE FIRST TIME IN THEIR REPLY**

Defendants previously argued that Ms. Christian's claim should be dismissed for failure to delineate between each of the named Defendants pursuant to a purported notice requirement under FRCP 8(a)(2). In her response Brief, Plaintiff addressed why that type of argument was not appropriate for the statutes at issue (as no individual/personal liability is even plead), and given the factual allegations that these entities employed Plaintiff as a joint and/or integrated employer. Defendants wrongfully suggest Plaintiff is trying to "cure a deficiency" with respect to Rule 8(a)(2) by raising joint/integrated employer in a Response Brief. The facts of the case have always clearly plead that Plaintiff was employed, paid and controlled by each of the named entities – and why they operated and should be treated as either one enterprise or joint employers.

Albeit Defendants dedicate about two (2) paragraphs to this issue for the first time in their Reply, Defendants pursue a *new* argument that Ms. Christian does not properly allege sufficient facts to plead joint and/or integrated theories of liability. Foremost, this substantive argument is both untimely and should be deemed waived.[1]

Even if this Court considers Defendants newly offered argument regarding the sufficiency of facts pleading joint/integrated employer theories,[2] Ms. Christian has pled ample facts sufficient

---

[1] *See, Aiellos v. Zisa* 2009 WL 3486301, at *1 (D.N.J., 2009)(stating "It is hornbook law that arguments raised for the first time in a reply brief are waived….")(*citing Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir.2000)).

[2] Defendants also appear to suggest that because Ms. Christian did not specifically use the words "joint employer," or "integrated employer," in the Complaint, this Court should ignore all well pleaded facts in the complaint supporting such a theory. This narrowed approach is not how District Courts assess whether a complaint properly asserts a cause of action or legal theory. *B.D.G. v. Choice Hotels Int'l, Inc.,* No. 2:22-cv-3202, 2023 U.S. Dist. LEXIS 162052, at *27 (S.D. Ohio Sep. 12, 2023)("While Plaintiff does not use the specific words "joint employer" in her Complaint," Court instead addressed legal issues based upon specific factual averments suggesting joint employer scenario); *Carpenters/Millwrights Local Union No. 865 v. United Bhd. of Carpenters & Joiners of Am.,* No. CV204-

to proceed to fact discovery on these legal issues. Ms. Christian detailed facts in her Complaint that she worked for each of the named Omnis entities, who acted either jointly or as one enterprise given their mutual control over Plaintiff and their joint payment of Plaintiff. Dkt No.: 1, at ¶¶ 12, 14 (FN 2), 19. As such, Ms. Christian sufficiently pled enough facts to obtain discovery on the issue of joint/integrated employer. *See, Lara v. Samuel Adams Pa. Brewing Co*., LLC, No. 5:20-cv-00498, 2020 U.S. Dist. LEXIS 158267, 2020 WL 5211206, at *13 (E.D. Pa. Sept. 1, 2020)(the fact that a particular entity paid Plaintiff is "a significant factor in itself"); *A.H. v. Wendy's Co*., No. 3:18-CV-0485, 2018 U.S. Dist. LEXIS 142470, at *15 (M.D. Pa. Aug. 22, 2018)("Plaintiff pleads sufficient facts to state a plausible basis for finding Wendy's Defendants were Plaintiff's joint employer"); *Harris v. Midas*, No. 17-95, 2017 U.S. Dist. LEXIS 184765, 2017 WL 5177668, at *1 (W.D. Pa. Nov. 8, 2017)("'although a close call,' the amended complaint contained 'sufficient facts to establish a plausible basis for imposing joint employer liability'"); *Barone v. Idexcel, Inc*., No. 1:22-cv-01232, 2023 U.S. Dist. LEXIS 4575, at *13 (M.D. Pa. Jan. 10, 2023)("At the motion to dismiss stage, the Court must simply determine (as it has) that Plaintiff has alleged sufficient facts upon which he should be permitted to develop his claims through discovery before any determination can be made as to whether he was jointly employed by [the named entities] for the purpose of his Title VII claim").

### ii.) AS TO MS. CHRISTIAN'S RETALIATION CLAIM UNDER THE FALSE CLAIMS ACT, DEFENDANTS DECLINE TO VIEW THE COMPLAINT IN

---

0 57, 2005 U.S. Dist. LEXIS 18165, at *5 n.2 (S.D. Ga. Aug. 24, 2005)("While the particular words "joint employers" are not located in the complaint, Smith's averments encompass such a claim."); *G.M. v. Choice Hotels Int'l, Inc.,* No. 2:22-cv-3788, 2024 U.S. Dist. LEXIS 52523, at *38 (S.D. Ohio Mar. 25, 2024)(despite not using "the specific words "joint employer" in her Complaint," the Court still addressed the merits of this theory of liability); *Jones v. Viviant Care Mgmt. LLC,* No. 4:23-cv-34-TAV-SKL, 2024 U.S. Dist. LEXIS 102677, at *12 (E.D. Tenn. June 10, 2024)(considering a direct employer analysis, despite "nowhere does the Amended Complaint explicitly state the words "formal" or "direct" employer," and plaintiff had only plead joint employer as a subheading); *Zolner v. U.S. Bank Nat'l Ass'n,* No. 4:15-cv-00048, 2015 U.S. Dist. LEXIS 160550, at *12 (W.D. Ky. Dec. 1, 2015)("Because she uses the words "an employer" instead of "her employer," the Court interprets this as Plaintiff contending that both Hartford and U.S. Bank were somehow joint employers instead of Hartford being her sole employer.").

**ITS ENTIRETY AND IMPROPERLY SUGGESET PROVING AN ACTUAL PAYMENT TO THE FEDERAL GOVERNMENT IS REQUIRED**

In their Reply brief, Defendants incorrectly argue that Ms. Christian does not aver facts related to Defendants' false claim for payment from the government to state a viable claim under the FCA. Dkt No.: 15, at p 2.

Defendants' Reply arguments completely ignore Ms. Christian's allegations that Defendants had already provided some financial information and misrepresentations about Omnis to the government in their efforts to secure a $50 million-dollar forgivable loan. Dkt. No.: 1 at ¶¶ 60-61, 65-67. In the weeks leading to her termination, Ms. Christian was expected to attend additional meetings with government officials to support Defendants' loan request. *Id.* at 67. Ms. Christian was expected to support the request for the loan with Defendants' misrepresented financial documents. Dkt. No.: 1 at ¶¶ 59-61, 63-67. In short, Ms. Christian averred that Defendants had already misrepresented their financials to government officials related to a loan request, and that she had impending meetings with government officials in the coming weeks to bolster Defendants' loan request, which is sufficient to maintain a plausible FCA claim.

Defendants cite *Dookeran,* an incongruous case addressing an appeal from a Motion for Summary Judgement, in which the Plaintiff pled facts related to Defendant's misrepresentations in an application to the Government, that did not involve a request by Defendant for government funds, to support that Defendant intended to make a false claim for funds. Dkt No.: 15, at p 2. In contrast, Ms. Christian is alleging Defendants made initial misrepresentations to government officials to secure a $50 million-dollar forgivable loan, among other funding requests, and that in her duties as V.P. of Governmental Affairs, she was expected to use Defendants' misrepresented financial reports in the coming weeks, to support the request for the $50 million-dollar forgivable loan from the government. Dkt. No.: 1 at ¶¶ 60-61, 63-67.

Finally, Defendants cite *Smith* to support that no nexus exists between Ms. Christian's protected conduct and her termination. But *Smith* actually provides support for the viability of Ms. Christian's FCA claim. The *Smith* court opined that failing to disclose noncompliance with a material statutory, regulatory, or contractual requirement can form the basis of an implied certification theory of liability under the FCA. *See*, *Smith v. Ideal Concepts, Inc.,* No. 5:23-cv-2166, 2023 U.S. Dist. LEXIS 209962, at *12-13 (E.D. Pa. Nov. 27, 2023). *Smith* supported this assertion, citing supreme court precedent finding that

> "[P]roof of materiality can include, but is not necessarily limited to, evidence that the Defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 190, (2016).[3]

### iii.)    PLAINTIFF REQUESTS LEAVE TO AMEND IF NECESSARY

Ms. Christian maintains that she states a plausible retaliation claim under the FCA at the pleadings stage and has alleged sufficient facts to pursue a joint/integrated employer theory of liability. However, she respectfully seeks leave to amend her Complaint to cure any true defects. Our Courts reinforce that "the liberal tenor of Rule 15 is reinforced by the often-recognized principle that the Federal Rules of Civil Procedure are to be liberally construed so as to effectuate the underlying goal that cases be tried on the merits whenever possible. *Johnson v. Goldstein*, 850

---

[3] Ms. Christian's protected conduct and the nexus between a viable FCA claim must be considered in the context of her job duties. Ms. Christian was Defendants' V.P. of Governmental Affairs which required making governmental contacts to secure government contracts and funding, to support expansion of Defendants' businesses. Dkt. No.: 1 at ¶¶ 15, 20. Defendants knew that Ms. Christian would have to use their misrepresented financial documents and statements for the $50 million-dollar forgivable loan request in particular. Dkt. No.: 1 at ¶¶ 59-67. Defendants' owner, a sophisticated businessman, had to have known that misrepresenting financial information violated a number of accounting regulations and that the Government routinely declined claims for funding or contracts if they found that the requesting Company was misrepresenting their financial health in violation of such laws. Even if Defendants feign ignorance of the materiality of the misrepresentations, Ms. Christian made clear that misrepresenting financial documents was material to government funding, and illegal. Dkt. No.: 1 at ¶¶ 59-67. At any point, Defendants could have denied that they were misrepresenting their financials, instead they told Ms. Christian she "whines a lot", and subsequently fired her. Dkt. No.: 1 at ¶¶ 62, 75.

F.Supp. 327, 329 (E.D. Pa. 1994). Absent any indication of undue delay or bad faith, plaintiffs have routinely been granted leave to amend their Complaint to provide additional supporting details to pursue their claims. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (citing Foman, 371 U.S. at 182). *See also, Pilat ex rel. Pilat v. No. 23-566 Amedisys, Inc.,* No. 23-566, 2024 U.S. App. LEXIS 1047, at *12 (2d. Cir. Jan. 17, 2024)( "[w]hile District Court found Relators had already pled three times its FCA claims and thus had ample opportunity to address the deficiencies Amedisys identified in their complaint," the Second Circuit reversed affording leave to amend as the arguments presented by the Defendant(s) changed on each occasion necessitating additional amendment ); *Gudzelak v. PNC Bank,* No. 12-1230-LPS, 2013 U.S. Dist. LEXIS 105418, at 7 (D. Del. July 29, 2013)(holding, "the FCA claim is deficiently pled. Therefore, the Court will grant the Motion to Dismiss the claim but will give Plaintiff leave to amend this claim.")

**WHEREFORE**, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*_____
Christine E. Burke, Esq.
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
Date: June 25, 2024                         (215)639-0801

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE CHRISTIAN : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 2:24-cv-01319 |
| v. : | |
| : | |
| OMNIS GLOBAL TECHNOLOGIES, LLC : | |
| and : | |
| OMNIS BUILDING TECHNOLOGIES, LLC : | |
| and : | |
| OBT BLUEFIELD, LLC : | |
| and : | |
| OMNIS FUEL TECHNOLOGIES LLC : | |
| d/b/a OMNIGEN : | |
| and : | |
| OMNIS SUBLIMATION RECOVERY : | |
| TECHNOLOGIES, LLC : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I certify on the date set forth below that I sent Plaintiff's *Surreply* Brief to Defendant at the following address via ECF:

Matthew J. Hank, Esq.
Alexa J. Laborda Nelson, Esq.
Haley R. Norwillo, Esq.
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

**KARPF, KARPF & CERUTTI, P.C.**
*/s/ Christine E. Burke*
Christine E. Burke, Esq.

Dated: June 25, 2024