# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 2:24-cv-01319 |
| v. : | |
| : | |
| OMNIS GLOBAL TECHNOLOGIES, LLC : | |
| *et. al.* : | |
| : | |
| Defendants. : | |
| : | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' RECENTLY FILED COUNTER CLAIM (AT DKT. NO.: 29)

Plaintiff, Michelle Christian ("Ms. Christian") by and through her undersigned counsel, hereby files a Motion to Dismiss Defendants' Counter Claim (Dkt No.: 29). For the reasons set forth *herein*, this District Court lacks jurisdiction over this claim and same should be dismissed for lack of jurisdiction.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*
Christine E. Burke, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
Attorneys for Plaintiff

Date: December 2, 2024

I. **INTRODUCTION/PROCEDURAL BACKGROUND**

On March 28, 2024, Ms. Christian filed a Complaint against her prior employers: Omnis Global Technologies, LLC, Omnis Building Technologies, LLC, OBT Bluefield, LLC, Omnis Fuel Technologies, LLC d/b/a/ Omnigen, and Omnis Sublimation Recovery Technologies, LLC (*hereinafter* collectively referred to as "Defendants"). Dkt No.: 1. On November 4, 2024, Plaintiff amended her complaint to pursue violations of the Pennsylvania Human Relations Act ("PHRA") against all named Defendants and Simon Hodson as an individual Defendant. Exhibit A.

Ms. Christian's current operative pleading asserts she was unlawfully terminated from her employment with Defendants in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq*.)("Title VII"), the PHRA, the False Claims Act (31 U.S.C. § 3730(h)(1))("FCA"), and that Defendants failed to to pay certain bonuses promised, sounding in claims for unjust enrichment, breach of contract, promissory estoppel and the Pennsylvania Wage Payment and Collection Law ("WPCL")(43 Pa. Stat. Ann. § 260.9). *Id.*

On November 18, 2024, Defendants filed a partial Answer to Plaintiff's First Amended Complaint which included a Counter Claim (I Count for Defamation). Dkt. No.: 29.

III. **LEGAL ANALYSIS**

A. **This District Court Lacks Subject Matter Jurisdiction over Defendants' State Counter Claim for Defamation**

i.)    **12(b)(1) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (1) challenges the Court's "authority or competence to hear and decide the case before it." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed.2004). In the absence of subject matter jurisdiction, this Court is without power to hear the case. *See Cohen v. Kurtzman,* 45 F.Supp.2d 423, 429 (D.N.J.1999).

1

The party asserting jurisdiction bears the burden of demonstrating that jurisdiction is proper. *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993)(citations omitted). Moreover, the Court is obligated to examine the issue of subject matter jurisdiction even if the parties concede the existence of jurisdiction. *See Pa. Nurses Ass'n v. Pa. State Educ. Ass'n,* 90 F.3d 797, 801 (3d Cir.1996). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Savings and Loan Ass'n,* 549 F.2d 884 (3d Cir.1977).

A federal court must at the outset examine whether jurisdiction exists before proceeding to the merits. *A. G. Edwards & Sons, Inc. v. Public Building Comm'n of St Clair County, Illinois,* 921 F.2d 118, 120-121 n.2 (7th Cir. 1990).

The current "counterclaim sets forth a state law defamation action between citizens of the same state and does not fall within the Court's federal jurisdiction or diversity jurisdiction." *Alberts v. Wickes Lumber Co.*, No. 93 C 4397, 1995 U.S. Dist. LEXIS 919, at *11 (N.D. Ill. Jan. 24, 1995). Defendants' current Counter Claim (Dkt. No.: 29) purports to establish jurisdiction under The Judicial Improvement Act of 1990, which provides that a federal court has supplemental jurisdiction over those claims "that are so related to claims in the action within …[the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. (Dkt. No.: 29 at ¶ 2).

**ii.)    The Counterclaim at issue is "Permissive," and not Compulsory**

In cases such as this one, where neither diversity nor federal question jurisdiction exists over Defendants' Counterclaim, the Counterclaim's status as "compulsory" or "permissive" determines whether the court has jurisdiction over it. *Painter v. Harvey,* 863 F.2d 329, 331 (4th Cir.1988). A

2

compulsory Counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive Counterclaim does not. *See* Fed.R.Civ.P. 13(a)-(b). Accordingly, a compulsory Counterclaim is "within the ancillary jurisdiction of the court to entertain and no independent basis of federal jurisdiction is required." *Painter,* 863 F.2d at 331. By contrast, a permissive Counterclaim that lacks its own independent jurisdictional basis is not within the jurisdiction of the court. *Id*.

The instant state law claim for defamation <u>does not arise out of Ms. Christian's employment relationship with Defendants</u>.  The counter claim simply alleges Ms. Christian made a phone call to a a non-employee of Defendants (a "consultant") in June of 2024 – (9) months after Ms. Christian was terminated, wherein she purportedly made comments alluding to the fact that Defendants' owner: Simon Hodson was trafficking young women.  Dkt. No.: 29. (It should be noted that Ms. Christian vehemently disputes the allegations giving rise to Defendants' latest counter claim).

The burden of establishing jurisdiction lies with the Defendants; they do not argue the purported defamatory incident bears any relation to the underlying claims at issue.  Defendants merely assert that Ms. Christian's period of employment overlapped with when they retained this third-party consultant. Dkt. No.: 29, at ¶ 7.  Even if the purported defamatory conversation at issue (alleged to have occurred in June of 2024) related in some respect to purported incidents that Ms. Christian may have witnessed during her employment with Defendants, that would not give rise to jurisdiction. "[T]he mere fact that Plaintiff's and Defendants' claims all relate in some way to Plaintiff's employment does not itself render Defendants' claims compulsory." *Sharron Kim v. Sushi Café, Inc.*, Civil Action No. 22-cv-05234 (CCC), 2023 U.S. Dist. LEXIS 128866, at *5-6 (D.N.J. July 26, 2023). Other District Courts have reached the same conclusion. For example, the court in *Yang v. Taiji Oriental Spa NJ Corp.* explained:

3

> It is true that in the context of FLSA and NJWHL cases, a counterclaim is not compulsory simply because it arises out of the employer-employee relationship . . . . For that reason, courts have declined to find counterclaims asserted by a defendant in FLSA and NJWHL case[s] to be compulsory when the counterclaim is based on activities other than the payment of a plaintiff's wages. For example, other courts in this District have found that claims related to a failure to reimburse a loan, resolution of employee debts, or for defamation unrelated to the payment of wages are permissive not compulsory counterclaims.

No. CV221617EPJSA, 2023 U.S. Dist. LEXIS 14213, 2023 WL 425850, at *6 (D.N.J. Jan. 9, 2023), *report and recommendation adopted*, No. CV221617EPJSA, 2023 U.S. Dist. LEXIS 13401, 2023 WL 424348 (D.N.J. Jan. 26, 2023) (internal citations omitted); *and see Stewart v. Lamar Adver. of Penn LLC.*, 2004 U.S. Dist. LEXIS 709, 6-8 (E.D. Pa. Jan. 14, 2004) ("the mere fact that state law Counterclaims arise from the same employment relationship as the original claims over which the court has subject matter jurisdiction ***is insufficient to render the Counterclaims compulsory***[;] . . . [s]ome greater connection is necessary.").

Other District Courts outside this Circuit have similarly rejected efforts to advance counter claims which may arise from the same employment relationship as the original claims but lack some greater connection to those underlying original claims. *See, e.g., Zambrano v. Chic Marine of Lauderdale, Inc.*, No. 00-7632, 2001 U.S. Dist. LEXIS 25342, at *4 (S.D.Fla. June 5, 2001) (dismissing trade secret Counterclaim arising from same employment relationship as plaintiff's FLSA claim); *Worlds v. AMTRAK, 1988 U.S. Dist. LEXIS 14520*, No. 84-10027, 1988 WL 139252, at *6 (N.D.Ill. Dec. 22, 1988) (dismissing Counterclaim for check fraud because it was only tangentially related to plaintiff's Title VII race discrimination claim even through check fraud constituted alleged reason for failing to rehire employee after previous settlement of suit reached); *Spencer v. Banco Real, S.A.*, 623 F. Supp. 1008, 1012 (S.D.N.Y. 1985) (dismissing Counterclaims for conversion, trespass, unfair competition, breach of fiduciary duty and tortious interference with business contracts as bearing only some factual relationship with plaintiff's employment discrimination claim).

In the instant case, the issues which form the subject matter of Ms. Christian's civil rights lawsuit relate <u>to her termination in September of 2023</u>, and whether or not the termination was because of: (i) Ms. Christian's religion (as a non-Mormon), (ii) gender (as a female), (iii) retaliation for engaging in activities protected by Title VII & the PHRA; or (iv) violations of the False Claims Act for internally reporting Defendants' fraud on the federal government.[1] Ms. Christian also has claims for unpaid wages related to bonus compensation. *Id.*

Defendants now assert a state law claim against Plaintiff for defamation – as a result of a single purported conversation occurring in June of 2024. Dkt. No.: 29. The comment at issue occurred *9 months after Ms. Christian was terminated*. *Id.* The instant state law counter claim, and legal theory alleging a defamatory statement made in June of 2024 has no overlap with the legal theories asserted in Ms. Christian's current Complaint. Likewise, the underlying facts relevant to the state claim for defamation are discreet. Defendants' state law claim has no independent jurisdiction and is not compulsory under Fed.R.Civ.P 13(a).

District Courts faced with similar improper Counterclaims have not hesitated to dismiss such Counterclaims. *See e.g. Glevicky v. Community College of Allegheny County*, 52 Fed.Appx. 588 (3d Cir. 2002)(refusing to vacate district court's dismissal of misrepresentation Counterclaims in a plaintiff's ERISA, FLSA, and Wage lawsuit for lack of subject matter jurisdiction);[2] *Williams v. Long,* 558 F.Supp.2d 601, 603-06 (D.Md.2008)(Court dismissing Counterclaims of invasion of privacy, breach of contract, and breach of fiduciary duty because they were not compulsory and lacked any independent basis for federal jurisdiction); *Transitional Hospitals Corp. of Louisiana Inc. v. DBL North* (E.D. La. 2002)(Counterclaims dismissed for lack of subject matter jurisdiction); *Ayres v.*

---

[1] Exhibit A.

[2] The Third Circuit did not affirm the district court's decision but held that because an appeal was not yet ripe, the district court's decision should not be questioned/appealed.

5

*National Credit Mgt. Corp.,* 1991 WL 66845 (E.D.Pa.1991)(dismissing Counterclaims for an uncollected debt when the plaintiff alleged violations of the FDCPA because the claims were not sufficiently related even though the FDCPA violations arose out of the alleged debt). *See also Peterson v. United Accounts,* 638 F.2d 1134 (8th Cir.1981); *Gutshall v. Bailey & Associates,* No. 90 C 20182, slip op. (N.D.Ill. Febr. 11, 1991); *Leatherwood v. Universal Business Service Co.,* 115 F.R.D. 48 (W.D.N.Y.1987).

In rejecting a defamation counter claim in a Title VII sexual harassment case, a District Court sitting in the Seventh Circuit articulated as follows:

> In determining whether claims are logically related, a court should consider the "totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Burlington,* 907 F.2d at 711-12. Examination of these factors in the present case reveals that Crew's proposed counterclaim does not arise out of the same transaction or occurrence as Alberts' claims. The occurrences of which Alberts complains consisted of alleged sexual advances by Crew, her superior. The alleged sexual harassment occurred over the course of several months in the work place and in work-related settings. From late June 1992 through November 1992, Alberts unsuccessfully sought redress through her employer, Wickes. On November 10, 1992, Alberts' attorney, Abrahamson, wrote a letter to Frank Chambers ("Chambers"), the Senior Vice President of Wickes. This letter outlined the grounds for Alberts' claims against both Crew and Wickes, and suggested that the parties attempt to settle the case before entering litigation. Thus, the defamation allegedly occurred during dispute resolution, which is completely unrelated to, and has no effect upon, the determination of what previously occurred between Crew and Alberts between June 1992 and November 1992. *See Unique Concepts, Inc. v. Manuel,* 930 F.2d at 573-74. Likewise, the two claims raise different legal and factual issues governed by different bodies of law, and lack a shared realm of genuine dispute. Therefore, it cannot be concluded that Crew's defamation claim is logically related to Alberts' claim and the defamation counterclaim is a permissive counterclaim over which this Court has no subject matter jurisdiction.

*Alberts v. Wickes Lumber Co.*, No. 93 C 4397, 1995 U.S. Dist. LEXIS 919, at *13-15 (N.D. Ill. Jan. 24, 1995).

If Defendants wish to pursue an action for defamation, the proper venue would be in a state court – not in federal court piggy backing their retaliatory defamation claim into this Title VII/PHRA and FCA action.  Defendants are acutely aware of their civil recourse for state violations unrelated to the civil rights claims in this case, as they recently pursued a conversion action (to recover a laptop) in state court, which had no jurisdiction in this court either.

## IV.    CONCLUSION

Based on the foregoing, Defendants' Counter Claim should be dismissed for lack of subject matter jurisdiction.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke* _____
Christine E. Burke, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
Attorney for Plaintiff

Date: November 27, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN<br>109 Signal Hill Road,<br>Holland, Pennsylvania 18966,<br><br>    Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC<br>3710 Collins Ferry Road,<br>Morgantown, WV 26505<br>    *et. al.*<br>        Defendants. | Civil Action No. 2:24-cv-01319-MRP |

## CERTIFICATION OF SERVICE

I certify on the date set forth below that I served Defendants with a copy of Plaintiff's Motion to Dismiss Defendants' Counter Claim for Lack of Jurisdiction at the following address via ECF:

Matthew J. Hank, mhank@littler.com
Alexa J. Laborda Nelson, alabordanelson@littler.com
Haley R. Norwillo, hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*_____
Christine E. Burke, Esq.

Dated: December 2, 2024

**CERTIFICATION ON MEET & CONFER REQUIREMENTS**

Pursuant to the Honorable Mia Roberts Perez's Policies and Procedures, I, Christine E. Burke, hereby certify that I met and conferred with Defendants' counsel about the bases for this Motion to Dismiss for lack of subject matter jurisdiction beginning on October 16, 2024 (when the counter claim was originally filed as a stand alone pleading) and was not successful in resolving the current issue presented for the Court's consideration in the present Motion.

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*_____
Christine E. Burke, Esq.

Dated: December 2, 2024