# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE CHRISTIAN, <br><br> Plaintiff, <br><br> v. <br><br> OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON HODSON, <br><br> Defendants. | Civil Action No. 2:24-cv-01319 |

**DEFENDANTS' AND COUNTERCLAIM PLAINITFFS' AMENDED PARTIAL ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants Omnis Global Technologies, LLC; Omnis Building Technologies, LLC; OBT Bluefield, LLC; Omnis Fuel Technologies, LLC D/B/A Omnigen; Omnis Sublimation Recovery Technologies, LLC; and Simon Hodson ("Defendants") by and through their undersigned counsel, file their Amended Partial Answer and Additional Defenses with Counterclaim for Defamation to the First Amended Complaint filed by Plaintiff Michelle Christian ("Plaintiff" or "Ms. Christian"). Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

## I.   INTRODUCTION

1.  Defendants admit that Ms. Christian purports to bring claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act, as amended ("PHRA"), the False Claims Act, 31 U.S.C. § 3730(h)(1), the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 Pa. Stat. Ann. § 260.9, and unjust enrichment, breach

2

of contract, and promissory estoppel. Defendants deny Ms. Christian's claims have merit. Any remaining allegations in Plaintiff's introductory paragraph are denied.

## II. JURISDICTION AND VENUE

2. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims.

3. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court has personal jurisdiction over Defendants.

4. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court is a proper venue.

5. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, admitted.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

## III. PARTIES

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 13.

## IV.    FACTUAL ALLEGATIONS

14. Admitted in part; denied in part. Defendants admit the allegations in paragraph 14. Defendants deny the allegations in footnote 1.

15. Denied.

16. Admitted in part; denied in part. Defendants admit Plaintiff was hired to work from home. Defendants deny the remaining allegations in paragraph 16.

17. Denied, inclusive of the allegations in footnote 2.

18. Admitted in part; denied in part. Defendants admit that Simon Hodson hired Ms. Christian and that her offer letter indicated she would be reporting to Hodson. Defendants deny the remaining allegations in paragraph 18.

19. Denied.

20. Denied.

21. Admitted in part; denied in part. It is admitted only that Jonathan Hodson is Simon Hodson's son and is the President of Omnis Building Technologies. Defendants deny the remaining allegations in paragraph 21.

22. Denied.

23. Admitted.

24. Admitted in part; denied in part. It is admitted that Mathew Hart is a member of the Church of LDS and is the VP of HR for Defendant Omnis Building Technologies. Defendants deny the remaining allegations in paragraph 24.

25. Denied.

26. Admitted in part; denied in part. It is admitted that Randall Smith is a member of the Church of LDS and is the CFO for Defendant Omnis Fuel Technologies. Defendants deny the remaining allegations in paragraph 26.

27. Denied.

28. Denied.

29. Admitted in part; denied in part. It is admitted only, upon information and belief, that Ms. Christian is not a member of the LDS. Defendants deny the remaining allegations in paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants lack knowledge or information concerning Ms. Christian's subjective feelings sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.[1]

60. Defendants deny having made any false statements to the federal or any state government. Defendants lack knowledge or information concerning Ms. Christian's subjective beliefs sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

---

[1] Defendants do not reiterate Ms. Christian's subsection titles. To the extent they are averments, they are denied.

61. Defendants deny having made any false statements to the federal or any state government. Defendants lack knowledge or information concerning Ms. Christian's subjective beliefs sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted in part; denied in part. Defendants admit that on September 9, 2023, Stephens instructed Plaintiff to "immediately cease and desist all work for any of the Omnis companies" following her resignation and attempted negotiations for Plaintiff to continue work as a contractor per her suggestion. Defendants deny the remaining allegations in paragraph 75.

76. Admitted in part; denied in part. It is admitted only that, within a larger email, Stephens stated: "Please be very careful about how you move forward here Michelle. If you have

retained counsel, I would encourage you to listen to their recommendations." Defendants deny the remaining allegations in paragraph 76.

    77.    Denied.

    78.    Denied.

## COUNT I

    79.    Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

    80.    Denied.

    81.    Denied.

    82.    Denied.

## COUNT II

    83.    Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

    84.    Admitted.

    85.    Denied.

    86.    Denied.

    87.    Denied.

    88.    Denied.

## COUNT III

    89.    No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. No answer to Count III is required as Defendants have moved to dismiss this Count. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 100 of the Complaint.

## **COUNT IV**

101. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## COUNT V

111. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

112. Denied.

113. Denied.

## COUNT VI

114. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

121. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

122. Denied.

123. Denied.

124. Denied.

## COUNT VII

125. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## COUNT VIII

131. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

132. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

133. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit the allegations in this paragraph.

134. Denied.

Defendants deny all the allegations in the WHEREFORE clause, including subparts A through F, and specifically deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Ms. Christian's Complaint fails to state any claim(s) upon which relief may be granted.

2.  At all times, Defendants acted reasonably and in good faith.

3.  Defendants exercised reasonable care to prevent and correct promptly any discrimination, harassment, or retaliation, and Ms. Christian unreasonably failed to take advantage of the preventative and corrective opportunities provided to her or to avoid harm otherwise.

4.  Ms. Christian's claims for damages under the PHRA are barred to the extent that they are duplicative of, or preempted by, the remedies provided by Title VII.

5.  Defendants took reasonable steps to comply with antidiscrimination laws and any acts in violation of the statutes were in contravention of Defendants' good faith efforts to comply.

6.  Plaintiff has failed to properly mitigate any damages which may have been suffered, and as a result of such failure to mitigate, any damages awarded must be reduced accordingly. Defendants are entitled to an offset to the extent of any mitigation by Plaintiff.

7.  Ms. Christian's claims are barred, in whole or in part, by the defense of payment.

8.  Plaintiff's claims are subject to the doctrine of after-acquired evidence because, beginning on September 5, 2023, and continuing after a September 9, 2023, directive to return company property and to cease work, Plaintiff improperly sent 392 emails, many with multiple attachments, from her work email account to various personal email accounts. Defendants were unaware of the alleged misconduct at the time of Ms. Christian's termination, that misconduct was of such severity to justify discharge, and it would, in fact, have led to Ms. Christian's discharge. *Plaintiff's misconduct is also an insuperable barrier to her reinstatement*. As such, any remedy or recovery to which she may have been entitled, inclusive of front pay and reinstatement, must be denied or reduced accordingly.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, and that the Court award such other relief as it deems appropriate.

## COUNTERCLAIM

Defendants and Simon Hodson hereby assert the following New Matter in response to Plaintiff's Amended Complaint:

1. Counterclaim Plaintiffs have initiated this counterclaim to redress violations against Ms. Christian for her continuing defamation.

## JURISDICITON

2. The Court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. §1367(a) because the counterclaim is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution: the allegations in the counterclaim are interwoven with the allegations in ¶¶ 42-56 of the Amended Complaint.

3. This Court may properly maintain personal jurisdiction over Ms. Christian since she initiated suit, and lives in, in the Eastern District of Pennsylvania.

4. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because the events giving rise to Defendants' claim occurred in this District, and because Ms. Christian lives in this District.

## FACTUAL ALLEGATIONS

5. Fahmy Hudome Int'l, LLC and Omnis Fuel Technologies, LLC entered into a third-party consultancy agreement on April 28, 2023. Randa Fahmy is the sole member of Fahmy Hudome Int'l, LLC.

6. Pursuant to the consultancy agreement, Ms. Fahmy assists OFT in its quest to educate, advocate, and secure specific grant, loan, and tax credit programs devised to assist the hydrogen green energy sector.

7. As a result, Ms. Christian's work with OBT Bluefield and Ms. Fahmy's work with the Omnis family of entities overlapped from April 2023 through the end of Ms. Christian's employment.

8. On June 27, 2024, Ms. Christian requested to call, and called, Ms. Fahmy.

9. During that phone call, Ms. Christian told Ms. Fahmy that Simon Hodson "is trafficking women" and "trafficked two young women and had me involved in it."

10. Ms. Christian stated that "one of them I put up in an apartment and they married off the other one to some Mormon guy."

11. Ms. Christian then stated "yeah, he's trafficking women like Jeffrey Epstein."

12. Ms. Fahmy understood Ms. Christian's reference to "trafficking women" to mean the criminal offense of human trafficking.

13. Ms. Fahmy understood Ms. Christian's use of the pronoun "they" in her statement "they married off the other one to some Mormon guy" to include the employees of the Omnis family of companies.

14. Several of the Executives of the Omnis family of companies, including Mr. Hodson, are members of The Church of Jesus Christ of Latter-Day Saints ("LDS").

15. Ms. Fahmy understood Ms. Christian's use of the term "Mormon" to mean "LDS."

16. Ms. Fahmy understood Ms. Christian's use of the phrase "like Jeffrey Epstein" to compare Mr. Hodson to the deceased, convicted sex offender who was arrested and charged with federal sex trafficking and conspiracy to engage in sex trafficking in July 2019.

17. Ms. Fahmy understood Ms. Christian's June 27, 2024, statements to mean that Mr. Hodson and the Omnis family of companies committed and are committing the criminal offense of human trafficking.

18. During the June 27, 2024 discussion, Ms. Christian encouraged Ms. Fahmy to review the complaint in this case.

19. Accordingly, Ms. Christian defamed Mr. Hodson and the Omnis family of companies.

## COUNT 1: DEFAMATION

20. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

21. Ms. Christian's June 27, 2024, communication to Ms. Fahmy was defamation *per se* because she stated that Mr. Hodson and the Omnis family of companies committed and are committing the federal crime of human trafficking.

22. Ms. Christian compared Mr. Hodson to Jeffrey Epstein, a convicted sex offender, implying that Mr. Hodson engaged in sexual misconduct and sex trafficking.

23. Ms. Christian stated that the Omnis family of companies "married off" a woman they trafficked to a "Mormon guy," harming Omnis's business by implying the companies' LDS executives coerced a woman into joining their religion.

24. Upon information and belief, Ms. Christian has called other individuals and communicated a similar message about Mr. Hodson and Omnis to those individuals.

25. The damage done to Mr. Hodson and Omnis's reputations is irreparable.

26. Accordingly, Ms. Christian is liable for defamation.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and

against Plaintiff in an amount in excess of nominal damages, exclusive of costs and interest, to compensate Defendants for their losses, and that the Court award such other relief as it deems appropriate.

Dated: July 15, 2025                                          Respectfully submitted,

*/s/ Matthew J. Hank*
Matthew J. Hank, Bar No. 86086
mhank@littler.com
Alexa J. Laborda Nelson, Bar No. 314652
alabordanelson@littler.com
Haley R. Norwillo, Bar No. 333731
hnorwillo@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendants/Counterclaim Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of July 2025, a copy of the Defendants' and Counterclaim Plaintiffs' Amended Partial Answer to the First Amended Complaint was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Ari R. Karpf, Esq.
>Christine E. Burke, Esq.
>KARPF, KARPF & CERUTTI, P.C.
>3331 Street Rd.
>Two Greenwood Square, Suite 128
>Bensalem, PA 19020
>(215) 639-0801
>akarpf@karpf-law.com
>cburke@karpf-law.com
>
>*Attorneys for Plaintiff/Counterclaim Defendant*

>*/s/Matthew J. Hank*
>Matthew J. Hank