IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE CHRISTIAN, | : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION |
| OMNIS GLOBAL TECHNOLOGIES, LLC, et al., | : : : | NO. 2:24-cv-01319-MRP |
| Defendants. | : : | |

**ORDER**

**AND NOW,** this 22nd day of July, 2025, upon consideration of Plaintiff's Motion to Dismiss Defendants' Counterclaim (ECF No. 31), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.[1]

---

[1] By filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a party argues that a court lacks subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). Absent an independent jurisdictional basis, the court can hear Defendants' state law defamation counterclaim only through supplemental jurisdiction under 28 U.S.C. § 1367. The court has supplemental jurisdiction over Defendants' counterclaim if, and only if, the counterclaim is compulsory. *See Stewart v. Lamar Advert. of Penn LLC*, No. CIV.A. 03-2690, 2004 WL 90078, at *1 (E.D. Pa. Jan. 14, 2004) (citing *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)).

The Third Circuit uses the logical relationship test to determine both whether a counterclaim is compulsory rather than permissive, and whether the court has supplemental jurisdiction over the counterclaim. *See Great Lakes*, 286 F.2d at 633; *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978). A counterclaim is logically related to the original claim when "separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389-90 (3d Cir. 2002) (cleaned up). "Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." *Id.* at 390. In an employment discrimination suit, a logical relationship exists when a counterclaim "go[es] to an element of the plaintiff's discrimination suit." *Brooks v. Valley Day Sch.*, No. CIV.A. 14-5506, 2015 WL 4770759, at *4 (E.D. Pa. Aug. 12, 2015). That is, by proving their counterclaim, the defendant must also establish a nondiscriminatory reason for terminating the plaintiff. *See also Stewart*, 2004 WL 90078, at *3 (finding logical relationship where proving counterclaim would "involve proof of the same underlying facts necessary for Defendant to establish a legitimate, non-discriminatory reason for Plaintiff's termination").

In the instant case, the counterclaim does not satisfy the logical relationship test. The original claim and counterclaim share overlapping facts: Christian's Title VII claim cites Defendants' relationship with the interns as evidence of a sexually discriminatory workplace, and Defendants' counterclaim concerns the truth or falsity of Christian's statements about that relationship. However, the two claims raise distinct legal issues. Christian's original claim did not allege that Defendants engaged in sex trafficking. Instead, Christian alleged that Defendants' conduct with the interns made her uncomfortable, and that the conduct was evidence of Defendants' disparate treatment of female

BY THE COURT:

_____
Hon. Mia R. Perez

---

employees. Determining the truth of Christian's alleged statement to Fahmy would involve an inquiry into potentially criminal activities, which risks significantly expanding the scope of litigation.

Also, Defendants' defamation counterclaim does not "go to an element of the plaintiff's discrimination suit." *Brooks*, 2015 WL 4770759, at *4. The truth or falsity of Christian's statements is not necessary to Defendants' Title VII defense. Defendants will likely defend Christian's sexual discrimination claim by explaining the underlying facts about the interns, and that explanation might undermine Christian's allegations of a hostile workplace. But while such an explanation might be relevant to their defense, it will not necessarily establish a nondiscriminatory reason for Plaintiff's termination.

Finally, the counterclaim is not compulsory because Christian's alleged conversation with Fahmy took place after her termination. Christian brought a Title VII sex discrimination claim based on events during her employment (her workplace conditions leading up to her termination), and Christian allegedly made defamatory statements after her termination (her statements to Fahmy about those conditions). Because of this difference in timing, the original claim and counterclaim are not logically related. *See Valente v. Int'l Follies, Inc.*, No. 1:16-CV-1138-ELR-JSA, 2018 WL 11485273 (N.D. Ga. June 8, 2018), *report and recommendation adopted*, (N.D. Ga. July 5, 2018) (finding no logical relationship between Title VII claim and defamation counterclaim arising out of plaintiff's post-termination statements). Because Defendants' counterclaim is not logically related to the original claim, the court cannot exercise supplemental jurisdiction over Defendants' counterclaim under 28 U.S.C. § 1367.