UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>        Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; AND OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON K. HODSON,<br><br>        Defendants. | Civil Action No. 2:24-cv-01319 |

**I.    Brief Background in Response to Defendants' Motion to Compel**

The Defendants' Motion herein is disappointing, as it fails to provide the Court with material agreements between the Parties affecting the scope of discovery pursued by the Parties.

Point I: the Defendants had filed a Motion to Dismiss on the False Claims Act, which remained pending as of January of 2025 this year. There was also a Motion to Dismiss Defendants' Counter Claim for Defamation, which remained pending as of January of 2025 this year. Thus, when the defense reached out in January 2025 to begin formal discovery, the Parties had a meet and confer and expressly agreed they would engage on strictly those claims which were not the subject of currently pending Motions to Dismiss. Exhibit A. The Parties responded to all discovery in March (Defendants) and April (Plaintiff) 2025. As of that date, those Motions to Dismiss remained pending.

Thus, all objections were made subject to objections that no responsive information was being provided as it related to Plaintiff's Count III (the False Claims Act), or Defendants' intended counter-claim for defamation. In *all* emails and zoom meet and confers, Plaintiff confirmed that

all responsive documents and interrogatories were made *subject* to any documents which strictly related to allegations under the False Claims Act/Defamation Count given the Parties express agreement to engage in truncated discovery. The Defense even asked if Plaintiff was withholding any documents responsive to the current Title VII/PHRA claims pending, and we confirmed in the zoom meet and confer – Plaintiff was not. This (plaintiff presumed) had mooted the issue, and she was a bit shocked to see Defendants' Motion about "qualified responses" today.

Point II: Plaintiff notified the defense this week that she is stipulating to limit her damages to April 1, 2025, as the after acquired evidence defense (if successful) is strictly a mechanism to limit front pay or equitable relief *from the date* when the purported misconduct was discovered. Exhibit B.

While Ms. Christian vehemently disputes that she stole any company documents, she actively mitigated her losses following her separation from the Omnis Defendants and agrees for purpose of trial to limit her damages only up and until April 1, 2025 (the date upon which Defendants represented to both this District Court and in a AAA arbitrate it purportedly learned of Ms. Christian having sent company emails to herself). *Id.* Therefore – any "after-acquired" evidence defense is no longer applicable in this case. Plaintiff has asked the defense to withdraw this affirmative defense voluntarily given this stipulation or she will need to move affirmatively under Rule 56. *Id.* Defendants failed to mention this material stipulation to the Court.

Most concerning is that Defendants' current Motion for *the first time* seeks to limit Interrogatory No.: 1 with examples of what specific limited content they were seeking. A meet and confer should be meaningful – and the undersigned had already asked Mr. Hank and Ms. Norwillo if they were inclined to limit Interrogatory No.: 1 to more specifics topics, such that Plaintiff would be inclined to amend. They declined. Filing a Motion with the Court and

purporting to limit this Interrogatory only now defeats the purpose of a meet and confer and certifying good faith efforts to avoid a Motion to Compel.

The instant Motion appears to have been a rushed effort to file a Motion to Compel "first" as defense counsel was just advised in writing yesterday i.) there was no longer a need to engage in a host of metadata and other discovery issues related to this after acquired evidence defense, and ii.) importantly Plaintiff needed to file a Motion to Compel if the Defense was going to continue to object to discovery demands aimed at the interrelation of Defendnats' business operations (as there is a serious contest over joint/integrated employer in this case). *Id.*

## II.     Legal Argument

Defendants' interrogatories must be aimed a specific issued related to the claims or defenses in this case:

> Despite the generally held view that liberal discovery should be permitted in actions alleging unlawful discrimination, the scope of discovery is not without limits. The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party. *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 343 (10th Cir. 1975); *Haykel v. G.F.L. Furniture Leasing Co.,* 76 F.R.D. 386, 391 (N.D. Ga. 1976). **Discovery should be tailored to the issues involved in the particular case**. *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617, 618 (D.D.C. 1983).

*Robbins v. Camden City Bd. of Educ*., 105 F.R.D. 49, 55 (D.N.J. 1985)(emphasis added).

Defendants improperly seek to compel a response to their blockbuster interrogatory number 1, copied herein with Plaintiff's exact response provided to the defense copied herein as well:

1. Identify each person, including the individual's telephone number, address, or other contact information, whom you have contacted or who has contacted you since August 30, 2023, about any Omnis Party.

>Answer: Plaintiff objects to this Interrogatory to the extent that it is ambiguous, vague, overbroad and/or unduly burdensome. This interrogatory also has no qualifiers for any conversations she may have had with counsel. This interrogatory asks for communications about "any Omnis Party," for communications of any sort for a 17-month period of time. Aikens v. Cianbro Corp., Civil Action No. 0:20-cv-2174-SAL-TER, 2022 U.S. Dist. LEXIS 9385, at *18 (D.S.C. Jan. 19, 2022)(Plaintiff seeking discovery on " any and all communications between the Defendant and Plaintiff," was "overly broad and vague and fails to identify what specific communications it expects the witness," should attest to).

Exhibit C.

Even the Case the Defendant includes in their Motion is *limited* to a specific topic: See, e.g., Waddell v. Greyhound Lines, Inc., Civil No. 08-2014, 2008 WL 4982633, at *2 (W.D. Tenn. Nov. 19, 2008) (ordering plaintiff to respond to this interrogatory: "identify each person with whom he has communicated, either orally or in writing, **regarding his belief that Greyhound retaliated against him** and state the date of the communication, the substance of the communication, and identify any documents regarding such communication.").

While Plaintiff objected about the breadth of this Interrogatory, as it had no specific qualifiers, Plaintiff maintained this same position during the Parties' zoom meet and confer. While the Defendants' *Motion* to this Court suggests certain specific topics of interest to them actually related to the case, the Defense's interrogatory as worded asks for any conversations about Defendants for any reason. Meaning, if she mentioned she had even worked for the company to any prospective employers, a friend, neighbor, even if those conversations bear no relationship to the allegations at hand. This defies the rules of proportionality.

Most courts seek to permit limitation on interrogatories, limited to the claims. *See e.g. SuperMedia LLC v. Morley*, No. 13-176, 2013 U.S. Dist. LEXIS 205508, at *12 (E.D. Pa. Sep. 5, 2013)(only permitting responses to certain interrogatories, "limited in scope to the parties to the

present litigation"); *Joseph v. Gen. Eng'g Co.*, CIVIL NO. 2000/48, 2002 U.S. Dist. LEXIS 7212, at *6 (D.V.I. Apr. 8, 2002)("Upon consideration, it appears that the extent of discovery allowed must be tailored to the particular allegations at issue."). Defendants' interrogatory as crafted doesn't ask about Ms. Christian's communications with others *limited to* religious discrimination or sex discrimination, or incidents alleged in the Complaint – etc., i.e. specific topics. Defendants, even during the meet and confer, maintained that they wanted to know if Ms. Christian had conversations with *anyone about anything related to the Omnis entities and its agents – period – for a span of almost two years now*. Thus, Plaintiff respectfully requests that Defendants' Motion to Compel be denied, until such a time as they can modify their interrogatory to comport with the issues in this case.

As to the issue related to "conditional responses," Plaintiff responded in line with the Parties' agreement to engage in truncated discovery. Exhibit A.

### III. Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that Defendants Motion be denied, as Plaintiff a.) already mooted the issue of qualified responses; and b.) Defendants have not modified interrogatory No.: 1 and should not be permitted to do so through a Motion to Compel.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>      Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; AND OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON K. HODSON,<br><br>      Defendants. | Civil Action No. 2:24-cv-01319 |

## CERTIFICATION OF SERVICE

    I certify on the date set forth below that I served Defendants with a copy of Plaintiff's Response in Opposition to Defendants' Motion to Compel, via ECF:

Matthew J. Hank, mhank@littler.com
Alexa J. Laborda Nelson, alabordanelson@littler.com
Haley R. Norwillo, hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102

                                                  **KARPF, KARPF & CERUTTI, P.C.**
                                                  */s/ Christine E. Burke*
                                                  Christine E. Burke, Esq.

Dated: August 14, 2025