IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>        Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON HODSON,<br><br>        Defendants. | Civil Action No. 2:24-cv-01319 |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR<br>
<u>MOTION TO COMPEL DISCOVERY</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL ARGUMENT ........................................................................................................ 1

    A. The Court Should Compel Ms. Christian To Answer Interrogatory No. 1................ 1

    B. The Court Should Order Ms. Christian To Withdraw Her Conditional Responses And Properly Respond To The Omnis Parties' Interrogatory Nos. 2-5, 8, 9, 11, 13, And 14 And Document Request Nos. 1-5, 8, 11, 13-23, 25-41, 43, And 46-52........ 3

III. CONCLUSION.................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Heller v. City of Dallas*,
    303 F.R.D. 466 (N.D. Tex. 2014) ................................................................................................4

*Lux Global Label Co. v. Shacklett*,
    No. 18-cv-5061, 2020 WL 1700572 (E.D. Pa. Apr. 8, 2020) ............................................1, 2, 5

*Sanchez v. Mgmt. Enter. Dev. & Servs., Inc.*,
    No. 2:19-cv-277, 2022 WL 988378 (M.D. Ala. Mar. 31, 2022) ...............................................2

*Sherwin-Williams Co. v. JB Collision Servs., Inc.*,
    No. 13-CV-1946, 2014 WL 3388871 (S.D. Cal. July 9, 2014) .................................................3

*Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC*,
    No. 11-2684, 2014 WL 545544 (D. Kan. Feb. 11, 2014) ..........................................................3

**I.      INTRODUCTION**

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Where, as the Omnis Parties established in our opening brief (ECF 43), a party demonstrates that the requested discovery falls within the broad ambit of Rule 26(a)(1), the party opposing a motion to compel discovery must show that the discovery is not sufficiently relevant to justify the burden of producing it.  *Lux Glob. Label Co. v. Shacklett*, No. 18-cv-5061, 2020 WL 1700572, at *4 (E.D. Pa. Apr. 8, 2020).  In Ms. Christian's opposition to the motion to compel (ECF 44), she fails to carry that burden.  The Omnis Parties therefore request that the Court grant their motion to compel discovery.

**II.     LEGAL ARGUMENT**

   **A.    The Court Should Compel Ms. Christian To Answer Interrogatory No. 1**

In our opening brief, we took issue with Ms. Christian's refusal to answer Interrogatory No. 1: "Identify each person, including the individual's telephone number, address, or other contact information, whom you have contacted or who has contacted you since August 30, 2023, about any Omnis Party." (*See* ECF 43-1, pp. 7-9 of 12.)  We asked for the Court to compel Ms. Christian to produce a complete answer to Defendants' Interrogatory No. 1, except for any communications with her counsel.  (ECF 43-1, p. 7 of 12.)

In her opposition brief, Ms. Christian argues the interrogatory is overbroad because it "asks for any conversations about Defendants for any reason." (ECF 44 pp. 4-5 of 6.)

In reply, we note that, under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Ms Christian's argument seems addressed to relevance and proportionality.  If so, however, the argument is ill considered.

We begin with relevance, a concept construed broadly to "encompass any matter that could bear on, or that could reasonably lead to other matter[s] that could bear on, any issue that is or may be in the case." *Lux Global Label Co.*, 2020 WL 1700572, at *2 (citation omitted). Ms. Christian claims the Omnis Parties subjected her to sexual and religious harassment, and retaliation, culminating in her termination on September 9, 2023. (ECF 24, ¶ 75.) When a plaintiff alleges such a theory, evidence the plaintiff contemporaneously complained of harassment or retaliation is highly probative – as is the absence of such evidence. *See, e.g., Sanchez v. Mgmt. Enter. Dev. & Servs., Inc.*, No. 2:19-cv-277, 2022 WL 988378, at *10 (M.D. Ala. Mar. 31, 2022) (granting defendant's motion for summary judgment, in part, because of the lack of evidence the plaintiff "contemporaneously believed of – or reported – any harassment" by the defendant). One would expect that, if Ms. Christian contacted someone about Omnis, or someone contacted her about Omnis, in the ten days preceding her alleged termination, or at any point thereafter, Ms. Christian would have mentioned the abuse she allegedly suffered at the Omnis Parties' hands. Conversely, if Ms. Christian had contact with someone about Omnis and *did not* mention harassment or retaliation, the absence of such complaints would suggest that the harassment and retaliation never happened. *See id.* Either way, it is critical for the Omnis Parties to have an answer to Interrogatory No. 1, so we can depose or interview the people Ms. Christian identifies to learn whether she complained to them of harassment or retaliation or said anything in tension with the allegation she experienced harassment or retaliation.

As to proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). There

would be little burden to Ms. Christian in answering Interrogatory No. 1.  She only needs to identify people she affirmatively "contacted" about the Omnis Parties, or who affirmatively "contacted" her about the Omnis Parties; she is not obliged to identify every individual to whom she made a passing comment about Omnis.  Nothing in Ms. Christian's brief suggests that universe of people she so "contacted," or who so "contacted" her, is so large that it would be a burden for her merely to identify them.  Conversely, the value of this information to the defense is potentially high.  If, as we suspect, Ms. Christian contacted someone about Omnis after August 30, 2023 and *did not* complain of harassment or retaliation, or complained about an Omnis Party but did not mention harassment or retaliation, that would also be probative, because Ms. Christian's failure to mention harassment or retaliation would suggest the harassment or retaliation never occurred.

      **B.**      **The Court Should Order Ms. Christian To Withdraw Her Conditional Responses And Properly Respond To The Omnis Parties' Interrogatory Nos. 2-5, 8, 9, 11, 13, And 14 And Document Request Nos. 1-5, 8, 11, 13-23, 25-41, 43, And 46-52.**

In our opening brief, we explained that Ms. Christian's answers to nine interrogatories and 43 of her responses to document requests were conditional: *i.e.*, Ms. Christian made boilerplate objections and then purported to answer or respond "[n]otwithstanding" or "without waiving" those objections.  (ECF 41-1, p. 5 of 43.)  We then provided authority establishing that "objecting but answering the subject to the objection" violates the Federal Rules of Civil Procedure, (ECF 43-1, p. 10 of 12, quoting *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684, 2014 WL 545544, at **2-3 (D. Kan. Feb. 11, 2014)), a point we also made to Ms. Christian's counsel during the meet-and-confer process (*see* ECF 43-3, p. 3 of 6, citing *Sprint Commc'ns Co. L.P.*, 2014 WL 545544, at **2-3).  As we also pointed out in the meet-and-confer process, "conditional responses to discovery requests result in a waiver of objections." (ECF 43-3, at p. 3 of 6, citing *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946, 2014 WL

3

3388871, at *2 (S.D. Cal. July 9, 2014)). On that basis, we asked the Court to order Ms. Christian to withdraw her conditional responses and properly respond to the Omnis Parties' Interrogatory Nos. 2-5, 8, 9, 11, 13, and 14 and Document Request Nos. 1-5, 8, 11, 13-23, 25-41, 43, 46-52. (ECF 43-1 p. 10 of 12.)

In her opposition brief, Ms. Christian does not take issue with the aforementioned facts or legal principles. Instead, she stakes all on the assertion that, "[a]s to the issue related to 'conditional responses,' Plaintiff responded in line with the Parties' agreement to engage in truncated discovery. Exhibit A." (ECF 44, p. 5 of 6.) As evidence supporting that assertion, Ms. Christian points to an email her counsel wrote on February 6, 2025. (ECF 44-1, p. 2 of 2.)

The problem with Plaintiff's reliance on that email is that nowhere did the Omnis Parties stipulate to conditional responses to discovery being permissible. If there was any ambiguity about the point, our meet-and-confer letter of June 6, 2025 should have removed that doubt. (S*ee* ECF 43-3, p. 3 of 6.)

The practice of responding to discovery requests "subject to" or "without waiving" objections is confusing (at best) and misleading (at worst); further, it has no basis in the Federal Rules of Civil Procedure. *Heller v. City of Dallas*, 303 F.R.D. 466, 486-87 (N.D. Tex. 2014) (quotation omitted). Such conditional objections "preserve[] nothing and serve[] only to waste the time and resources of both the Parties and the Court." *Id*. at 487. Accordingly, and because Ms. Christian has not justified her conditional discovery responses, we respectfully request that the Court order Ms. Christian to withdraw her conditional responses and properly respond to the Omnis Parties' Interrogatory Nos. 2-5, 8, 9, 11, 13, and 14 and Document Request Nos. 1-5, 8, 11, 13-23, 25-41, 43, and 46-52.

4

## III. CONCLUSION

The Omnis Parties have demonstrated the requested discovery falls within the broad scope of Rule 26(b)(1). Ms. Christian has failed to show that the discovery is not sufficiently relevant to justify the burden of producing the information. Accordingly, the Court should grant the Omnis Parties motion to compel discovery. *See Lux Global Label Co.* 2020 WL 1700572, at *4. The Omnis Parties respectfully request that this Court enter an Order compelling Plaintiff to (1) produce a complete response to Defendants' Interrogatory No. 1, and (2) withdraw her conditional responses and properly respond to the Omnis Parties' Interrogatory Nos. 2-5, 8, 9, 11, 13, and 14 and Document Request Nos. 1-5, 8, 11, 13-23, 25-41, 43, and 46-52.

Dated: August 21, 2025

Respectfully submitted,

*/s/ Matthew J. Hank*
Matthew J. Hank, Bar No. 86086
mhank@littler.com
Alexa J. Laborda Nelson, Bar No. 314652
alabordanelson@littler.com
Haley R. Norwillo, Bar No. 333731
hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone:   267.402.3000
Facsimile:   267.402.3131
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August 2025 a copy of the Defendants' Reply Brief in Further Support of Their Motion to Compel Discovery was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Matthew J. Hank*
Matthew J. Hank