**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHELLE CHRISTIAN,

Plaintiff,

v.

OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON HODSON,

Defendants.

Civil Action No. 2:24-cv-01319

**JOINT STIPULATION AND ORDER TO PERMIT DEFENDANTS TO AMEND EXHIBIT A TO THEIR MOTION TO COMPEL DISCOVERY**

Plaintiff Michelle Christian ("Plaintiff") and Defendants Omnis Global Technologies, LLC; Omnis Building Technologies, LLC; OBT Bluefield, LLC; Omnis Fuel Technologies, LLC D/B/A Omnigen; Omnis Sublimation Recovery Technologies, LLC; and Simon Hodson ("Defendants"), (collectively, the "Parties"), hereby stipulate to permit the Defendants to amend Exhibit A to their Motion to Compel Discovery. In support, the Parties state as follows:

1. On August 14, 2025, Defendants filed a Motion to Compel Discovery pursuant to Fed. R. Civ. P. 33 and 34, with two exhibits attached thereto. (*see* ECF 43.)

2. Later that same day, Plaintiff filed her Response in Opposition to Defendants' Motion to Compel. (*see* ECF 44.)

3. On August 25th, counsel for Defendants emailed Plaintiff's counsel to notify her that they inadvertently filed the wrong document as their Exhibit A to ECF 43 and requested that the Parties file a Joint Stipulation consenting to the filing of the correct document as Amended

Exhibit A.

4. Defendants filed their Discovery Requests directed Plaintiff as Exhibit A, when they intended to filed Plaintiff's Responses to Defendants' Discovery Requests as Exhibit A.

5. On August 26th, Plaintiff's counsel consented to the Joint Stipulation and amendment of Exhibit A.

6. Defendants now file the present Joint Stipulation and will file the Amended Exhibit A to the Motion to Compel Discovery.

7. The Parties have agreed that this Amendment will not prejudice either party.

**WHEREFORE**, the Parties respectfully request that the Court accept Defendants' attached Amended Exhibit A as the operative Exhibit A as cited in their Motion to Compel Discovery.

The Clerk of Court is directed to replace Exhibit A at ECF No. 43 with the attached Exhibit.

Respectfully submitted this 26th day of August, 2025.

*/ s / Christine E. Burke*
Ari R. Karpf, Esq.
Christine E. Burke, Esq.
KARPF, KARPF & CERUTTI, P.C.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

akarpf@karpf-law.com
cburke@karpf-law.com

*Attorneys for Plaintiff*

*/s/ Matthew J. Hank*
Matthew J. Hank, Bar No. 86086
mhank@littler.com
Alexa J. Laborda Nelson, Bar No. 314652
alabordanelson@littler.com
Haley R. Norwillo, Bar No. 333731
hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

*Attorneys for Defendants*

SO ORDERED.

Dated: August 27, 2025

BY THE COURT:

HON. MIA R. PEREZ

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE CHRISTIAN<br><br>Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC<br>and<br>OMNIS BUILDING TECHNOLOGIES, LLC<br>and<br>OBT BLUEFIELD, LLC<br>and<br>OMNIS FUEL TECHNOLOGIES LLC<br>d/b/a OMNIGEN<br>and<br>OMNIS SUBLIMATION RECOVERY<br>TECHNOLOGIES, LLC<br><br>Defendants. | ) | CIVIL ACTION<br><br>CASE NO.: 24-1319 |

**<u>PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff, Michelle Christian, by and through her undersigned counsel, hereby responds to Defendants' First Request for Production of Documents as follows:

## I. <u>RESPONSES</u>

### A. <u>General Objections.</u>

1. Plaintiff generally objects to Defendants' Requests for Production to the extent they are ambiguous, vague, over-broad and/or unduly burdensome.

2. Plaintiff generally objects to Defendants' Requests for Production to the extent they improperly call for information protected by the attorney-client privilege and/or the attorney work-product doctrine.

3. Plaintiff generally objects to Defendants' Requests for Production to the extent they improperly seek information that is not relevant to any of the issues in the dispute, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff generally objects to Defendants' Requests for Production as discovery has not yet closed, and the matter has not yet been prepared for trial.

5. Accordingly, these Responses are made without prejudice to Plaintiff's right to amend these Responses set forth herein and/or to present additional information that is hereafter obtained or evaluated.

6. Plaintiff generally objects to Defendants' Requests for Production to the extent they cause unreasonable annoyance, embarrassment, oppression, burden and/or expense.

7. Plaintiff generally objects to each of the Requests included in Defendants' Requests for Production to the extent that their scope exceeds the scope of discovery Permitted by the Federal Rules of Civil Procedure.

8. Plaintiff generally objects to Defendants' Requests for Production to the extent that formulating full and complete Responses would require Plaintiff to review documents not presently in Plaintiff's possession, custody or control.

9. Plaintiff generally objects to Defendants' Requests for Production to the extent they imply that information is to be provided by more than one person. These Responses have been made to the best of Plaintiff's knowledge, with the assistance of counsel. These Responses do not represent the knowledge of any person other than the Plaintiff.

10. Plaintiff responds to Defendants' Requests for Production subject to and without waiver of all the foregoing General Objections. Plaintiff has made reasonable efforts to respond to the Requests for Production as Plaintiff understands and interprets them. If Defendants

subsequently seeks any information not yet identified, Plaintiff reserves the right to supplement these Responses. Further, Plaintiff specifically reserves the right to supplement these Responses based upon information which is discovered in the process of preparing for hearings or trial and information not yet obtained.

**B. Specific Objections and Responses**

**1. Produce all documents Ms. Christian identified in her Answers to Defendants' and Counterclaim Plaintiffs' First Set of Interrogatories.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P1-1793.

**2. Produce all communications between Ms. Christian and Simon Hodson between January 1, 2021, to present.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379, 981-1973.

**3. Produce all communications between Ms. Christian and Jonathan Hodson between January 1, 2023, to present.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379, 981-1973.

**4. Produce all communications between Ms. Christian and Mat Hart between January 1, 2023, to present.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379, 981-1973.

**5. Produce all communications between Ms. Christian and Blake Stephens between March 1, 2023, to present.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379, 981-1973.

**6. Produce all communications between Ms. Christian and any current or former Omnis employee, agent, intern, or representative from August 1, 2023, to present.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome.

**7. Produce all documents that contain or refer to the Omnis Parties' confidential or trade secret information, including but not limited to, information about the Omnis Parties' current or former governmental contracts or contacts.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, discovery is not being made presently into Plaintiff's claims under the false claims act.

**8. Produce all documents and communications referred to in the Amended Complaint, including text messages and emails.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379, 981-1973.

**9. Produce all materials in your possession, custody, or control that belong to the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, discovery is not being made presently into Plaintiff's claims under the false claims act.

**10. Produce all documents related to the destruction or removal since August 28, 2023, of documents and information from your personal cell phone, personal computer, company-owned computer, the laptop computer Omnis Building Technologies, LLC reimbursed you for in July of 2023, your email, or any other device used to store electronic data related to your employment with the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Plaintiff also objects to Defendants' Request for Production to the extent improperly seeks information that is not relevant to any of the issues in this dispute, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

**11. Produce all notes, logs, diaries, emails, day planners, personal notes, memoranda, calendars, or records of daily or periodic events maintained from July 19, 2021 through**

**August 20, 2021 that support your allegation that Omnis's promise of a $215,512.00 bonus caused you to return to work after being furloughed.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379.

**12. Produce all witness statements obtained by you or any agent on your behalf regarding the allegations contained in your Amended Complaint.**

Answer: Plaintiff has not yet obtained any statements or made any statements that refer or relate to this litigation. Plaintiff reserves the right to supplement this response.

**13. Produce all documents that you sent to or received from any federal, state, or local agency, commission, department, or entity, including, but not limited to, agencies having jurisdiction over workers' compensation, unemployment, discrimination, or retaliation claims or claims for any type of monetary benefits, regarding your employment with the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P686-780, 824-840,

**14. Produce all documents that support your contention that any employee, representative, or agent of the Omnis Parties discriminated against you based on your sex.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that the request asks Plaintiff to make a legal conclusion. Without waiver and subject to said objection, Plaintiff refers Defendant to her document production.

**15. Produce all documents that support your contention that any employee, representative, or agent of the Omnis Parties discriminated against you based on your religion.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that the request asks Plaintiff to make a legal conclusion. Without waiver and subject to said objection, Plaintiff refers Defendant to her document production.

**16. Produce all documents that support your contention that any employee, representative, or agent of the Omnis Parties retaliated against you for any complaint about sex or religious discrimination.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that the request asks Plaintiff to make a legal conclusion. Without waiver and subject to said objection, Plaintiff refers Defendant to her document production.

**17. Produce all documents that support your contention that you were subjected to harassment on the basis of your sex.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that the request asks Plaintiff to make a legal conclusion. Without waiver and subject to said objection, Plaintiff refers Defendant to her document production.

**18. Produce all documents that support your contention that you were subjected to harassment on the basis of your religion.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that the request asks Plaintiff to make a legal conclusion. Without waiver and subject to said objection, Plaintiff refers Defendant to her document production.

**19. Produce all documents that support your contention that you were subjected to a hostile work environment on the basis of your sex or religion.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that the request asks Plaintiff to make a legal conclusion. Without waiver and subject to said objection, Plaintiff refers Defendant to her document production.

**20. Produce all documents containing any complaints made by you to the Omnis Parties or their agents, or any outside department or agency during your employment with the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff refers Defendants to her document production.

**21. Produce all documents that support the claims for damages set forth in your Amended Complaint and your Initial Disclosures including, but not limited to, lost earning statements and any other item of special damages, past or future, claimed by you.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P781, 784-788.

**22. Produce all documents that support your attempts to mitigate your damages, including but not limited to all job applications and cover letters you submitted after your work with the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P842-966.

**23. Produce all forms W-2 and forms 1099 you have received since January 1, 2020.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P781, 784-788.

**24. Produce all of your federal and state income tax returns, receipts, check stubs and W-2 forms that indicate the transfer of funds to you, whether private or governmental transfer of payments, including wages, passively earned income, and benefits of any kind, from January 1, 2020 to present.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, over-broad and/or unduly burdensome. Plaintiff also objects to Defendants' Request for Production to the extent improperly seeks information that is not relevant to any of the issues in this dispute, and/or is not reasonably calculated to lead to the discovery of admissible evidence. Personal financial records of a Plaintiff face a heightened good cause test in order to be discoverable. See Harmon v. Great Atl. & Pac. Tea Co., 273 N.J. Super. at 559, 642 A.2d 1042 (App. Div. 1994) ("[O]n these facts the privacy interests presented [(seeking personal financial records)] are of sufficient importance to be recognized and protected against such unlimited intrusion."). "The production of tax returns should not be ordered unless it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and further, that there is a compelling need therefore because the information contained therein is not otherwise readily obtainable" ("the average taxpayer is sensitive about his return and wishes to keep it from publication. He is entitled to that privacy unless there is a strong need to invade it. If disclosure will not serve a substantial purpose it should not be ordered at all"). Ullmann v. Hartford Fire Ins. Co., supra, 87 N.J. Super. at 415, 209 A.2d 651 (App.Div.1965) quoting Cooper v. Hallgarten & Co., 34 F.R.D. 482, 483-84 (D.C.S.D. N.Y. 1964).].

**25. Produce all employment applications you submitted to prospective employers, advertisements to which you responded, offer letters, benefits descriptions, and pay stubs received from employment subsequent to your employment with the Omnis Parties. This includes, if you sought employment using internet or online-based search engines (i.e., Monster.com, Indeed.com, ZipRecruiter.com, LinkedIn.com, etc.), printouts of screenshots of your searches, applications, profile, activity, and communications with employers through those search engines. If you did not maintain such printouts or screenshots, you should produce your internet history information, cookies, metadata, etc. from the device(s) you claim you used to conduct the internet or online searches, or the devices themselves for forensic inspection. You may also execute a release from any such website or online service you used authorizing the Omnis Parties to obtain all information concerning your usage of the sites to seek employment. This document request is limited to documents created on or after August 30, 2023.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P846-966.

**26. Produce all documents that reflect any benefits received from any employer with whom you have been employed since August 30, 2023, including, but not limited to, life, health, vision, and dental insurance, disability benefits, stock options, 401(k) plans, pension plans, profit sharing plans, and any other retirement plans or benefits.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent that it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff is in the process of searching for documents responsive to this request, if any, and will supplement accordingly if any such documents are located in accordance with Fed.R.Civ.P. 26(e).

**27. Produce a copy of each posting you made to an online social networking site, forum, or other website or online service in which you discussed or referenced your employment with the Omnis Parties, your mental or emotional condition (to the extent you are claiming emotional distress damages), your employment status, or any of the facts alleged in your Amended Complaint since August 30, 2023.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**28. Produce all filings or submissions from any other lawsuits, administrative proceedings, or claims (before any state or federal court, the Equal Employment Opportunity Commission, or any other agency) in which you have been involved, either as a party or a witness within the last ten (10) years.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Plaintiff also objects to Defendants' Request for Production to the extent improperly seeks information that is not relevant to any of the issues in this dispute, and/or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Plaintiff refers Defendants to documents bates stamped P824-840, 967-980.

**29. Produce a copy of each resume or LinkedIn profile you have created or maintained since August 30, 2023.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P842-845.

**30. Produce all documents that support any personal injury, whether physical, emotional or mental, you contend resulted from conduct of the Omnis Parties, including but not limited to all medical records, reports, bills, diagnoses, prescriptions, or any communications with any physician, psychiatrist, nurse, counselor, therapist, or other healthcare professional regarding such injury or illness.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**31. Produce all communications with Kelli Bradshaw since August 1, 2023.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Plaintiff also objects to Defendants' Request for Production to the extent improperly seeks information that is not relevant to any of the issues in this dispute, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

**32. Produce all documents that support your allegation, in Paragraph 31 of your Amended Complaint, that "Hodson was quite vocal with Plaintiff about his intentions to 'bring her over,' (meaning have her join the LDS) and Plaintiff often uncomfortably and politely declined.".**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**33. Produce all documents that support your allegation that you made a report to Mat Hart, as alleged in Paragraph 36 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**34. Produce all documents that support your allegation about the alleged "discomfort" you "adamantly expressed" regarding the interns, as alleged in Paragraph 46 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**35. Produce all documents that support your allegation that Simon Hodson asked you to "watch over the girls and take care of them," as alleged in Paragraph 48 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**36. Produce all documents that support your allegation that you were "objectively being treated like Mr. Hodson's personal assistant or a female caretaker," as alleged in Paragraph 54 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff refers Defendants to her document production.

**37. Produce all documents that support your allegations about the "resistance" you expressed and "antagonism" you experienced, as alleged in Paragraph 57 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**38. Produce all documents support your allegations in Paragraph 59 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff refers Defendants to her document production.

**39. Produce a copy of the contract to which you refer in Paragraph 112 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P1-7.

**40. Produce all documents that support your allegation that "Defendants" agreed to pay you a bonus orally and in writing, as alleged in Paragraph 128 of your Amended Complaint.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff refers Defendants to her document production.

**41. Produce all documents that support your allegation that the Omnis Parties promised that your 2021 bonus would be $215,512.00.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff refers Defendants to her document production.

**42. Produce the printer Omnis Building Technologies, LLC reimbursed you for in July of 2023.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome.

**43. Produce a copy of each document you provided to, or received from, the Equal Employment Opportunity Commission concerning your dispute with any of the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P824-840.

**44. Produce a copy of each document you have created since January 1, 2023 that makes reference to the Latter Day Saints Church.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it improperly calls for information protected by the attorney-client privilege and/or the attorney work-product doctrine.

**45. Produce a copy of each document you have created since January 1, 2023 that makes reference to Simon Hodson.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it improperly calls for information protected by the attorney-client privilege and/or the attorney work-product doctrine.

**46. Produce a copy of each recording, whether audio, visual, or both, you have made or you possess of Simon Hodson.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**47. Produce a copy of each recording, whether audio, visual, or both, you have made or you possess of any employee or agent of any of the Omnis Parties.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**48. Produce a copy of each photo you possess with you and Simon Hodson in it.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**49. Produce a copy of each recording, whether audio, visual, or both, you have made or you possess of you discussing Simon Hodson with anyone.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**50. Produce a copy of each recording, whether audio, visual, or both, you have made or you possess of you discussing any of the Omnis Parties with anyone.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff does not have any documents responsive to this Document Request.

**51. Produce a copy of each email, with any attachments, you sent from mchristian@omnisglobaltechnologies.com to mchristianesq@gmail.com or any other personal email account.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379.

**52. Produce a copy of each email, with any attachments, you sent from mchristianesq@gmail.com or any other personal email account to any Omnis address, including but not limited to mchristian@omnisglobaltechnologies.com.**

Answer: Plaintiff objects to Defendants' Request for Production to the extent it is ambiguous, vague, over-broad and/or unduly burdensome. Without waiving the foregoing objection, Plaintiff refers Defendants to documents bates stamped P25-277, 371-379.

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*
________________________
Christine E. Burke, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801 phone
(215) 639-4970 fax

Date: April 30, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE CHRISTIAN | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | CASE NO.: 24-1319 |
| v. | ) | |
| | ) | |
| OMNIS GLOBAL TECHNOLOGIES, LLC | ) | |
| and | ) | |
| OMNIS BUILDING TECHNOLOGIES, LLC | ) | |
| and | ) | |
| OBT BLUEFIELD, LLC | ) | |
| and | ) | |
| OMNIS FUEL TECHNOLOGIES LLC | ) | |
| d/b/a OMNIGEN | ) | |
| and | ) | |
| OMNIS SUBLIMATION RECOVERY | ) | |
| TECHNOLOGIES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I served the Defendants with Plaintiff's Responses to Defendants' First Set of Document Requests via Email:

Matthew J. Hank, Esq.
Alexa J. Laborda Nelson, Esq.
Haley R. Norwillo, Esq.
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

*/s/ Erin McVicar*

Erin McVicar
*Paralegal*

Dated: April 30, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE CHRISTIAN<br><br>Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC<br>and<br>OMNIS BUILDING TECHNOLOGIES, LLC<br>and<br>OBT BLUEFIELD, LLC<br>and<br>OMNIS FUEL TECHNOLOGIES LLC<br>d/b/a OMNIGEN<br>and<br>OMNIS SUBLIMATION RECOVERY<br>TECHNOLOGIES, LLC<br>and<br>Simon Hodson<br><br>Defendants. | ) | CIVIL ACTION<br><br>CASE NO.: 24-1319 |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff, Michelle Christian, by and through her undersigned counsel, hereby responds to Defendants' First Set of Interrogatories as follows:

## I. RESPONSES

### A. General Objections.

1. Plaintiff generally objects to Defendants' First Set of Interrogatories to the extent they are ambiguous, vague, over-broad and/or unduly burdensome.

2. Plaintiff generally objects to Defendants' First Set of Interrogatories to the

extent they improperly call for information protected by the attorney-client privilege and/or the attorney work-product doctrine.

3. Plaintiff generally objects to Defendants' First Set of Interrogatories to the extent they improperly seek information that is not relevant to any of the issues in this dispute, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff generally objects to Defendants' First Set of Interrogatories, as discovery has not yet closed, and this matter has not yet been prepared for trial.

5. Accordingly, these Answers are made without prejudice to Plaintiff's right to amend the answers set forth herein and/or to present additional information that is hereafter obtained or evaluated.

6. Plaintiff generally objects to Defendants' First Set of Interrogatories to the extent they cause unreasonable annoyance, embarrassment, oppression, burden and/or expense.

7. Plaintiff generally objects to each of the Interrogatories included in Defendants' First Set of Interrogatories to the extent that their scope exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.

8. Plaintiff generally objects to Defendants' First Set of Interrogatories to the extent that formulating full and complete Answers would require Plaintiff to review documents not presently in Plaintiff's possession, custody or control.

9. Plaintiff generally objects to Defendants' First Set of Interrogatories because they imply that information is to be provided by more than one person. There is only one named Plaintiff in this action. These Interrogatory Answers have been made to the best of Plaintiff's knowledge, with the assistance of counsel. These answers do not represent the knowledge of any person other than Plaintiff.

10. Plaintiff responds to Defendants' First Set of Interrogatories subject to and without waiver of all of the foregoing General Objections. Plaintiff has made reasonable efforts to respond to the First Set of Interrogatories as Plaintiff understands and interprets them. If Defendants subsequently seeks any information not yet identified, Plaintiff reserves the right to supplement these Answers. Further, Plaintiff specifically reserves the right to supplement Plaintiff's Answers based upon information which is discovered in the process of preparing for hearings or trial and information not yet obtained by Plaintiff.

**B. Specific Objections and Answers**

Without waiver of the foregoing general objections, Plaintiff responds as follows to Defendants' First Set of Interrogatories:

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

**1. Identify each person, including the individual's telephone number, address, or other contact information, whom you have contacted or who has contacted you since August 30, 2023, about any Omnis Party.**

Answer: Plaintiff objects to this Interrogatory to the extent that it is ambiguous, vague, overbroad and/or unduly burdensome. This interrogatory also has no qualifiers for any conversations she may have had with counsel. This interrogatory asks for communications about "any Omnis Party," for communications *of any sort* for a 17-month period of time. *Aikens v. Cianbro Corp*., Civil Action No. 0:20-cv-2174-SAL-TER, 2022 U.S. Dist. LEXIS 9385, at *18 (D.S.C. Jan. 19, 2022)(Plaintiff seeking discovery on " any and all communications between the Defendant and Plaintiff," was "overly broad and vague and fails to identify what specific communications it expects the witness," should attest to).

**2. Identify each employee, agent, or representative of Omnis, either current or former, you believe discriminated against you because of your religion. For each such individual, separately state the name of the individual and the basis for your allegation that he or she discriminated against you.**

Answer: Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion, is ambiguous, vague, overbroad and/or unduly burdensome. Plaintiff further objections as this interrogatory asks for a legal conclusion and determinations of fact. An ultimate issue in this

case is whether or not Plaintiff was subject to discrimination based upon her religion, only the factual predicates therefore. Plaintiff's beliefs in that regard are not even admissible evidence. Notwithstanding those objections, an employer is solely responsible for discrimination under Title VII, and thus Plaintiff believes the named Omnis entities set forth in the Caption discriminated against her based upon her religion (and lack of religious affiliation with the Church of Latter Day Saints). Plaintiff also believes Simon Hodson, in concert with Jonathan Hodson, Mathew Hart, and Blake Stephens also discriminated against Plaintiff based upon her religion (and lack of religious affiliation with the Church of Latter Day Saints).

**3. Identify each employee, agent, or representative of Omnis, either current or former, you believe discriminated against you because of your sex. For each such individual, separately state the name of the individual and the basis for your allegation that he or she discriminated against you.**

Answer: Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion, is ambiguous, vague, overbroad and/or unduly burdensome. Plaintiff further objections as this interrogatory asks for a legal conclusion and determinations of fact. An ultimate issue in this case is whether or not Plaintiff was subject to discrimination based upon her sex. Plaintiff's beliefs in that regard are not even admissible evidence, only the factual predicates therefore. Notwithstanding those objections, an employer is solely responsible for discrimination under Title VII, and thus Plaintiff believes the named Omnis entities set forth in the Caption discriminated against her based upon her sex. Plaintiff also believes Simon Hodson, in concert with Jonathan Hodson, Mathew Hart, and Blake Stephens also discriminated against Plaintiff based upon her sex.

**4. Identify each employee, agent, or representative of Omnis, either current or former, you believe retaliated against you because of your alleged complaints about discrimination or harassment. For each such individual, separately state the name of the individual and the basis for your allegation that he or she retaliated against you.**

Answer: Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion, is ambiguous, vague, overbroad and/or unduly burdensome. Plaintiff further objections as this interrogatory asks for a legal conclusion and determinations of fact. An ultimate issue in this case is whether or not Plaintiff was subject to unlawful retaliation. Plaintiff's beliefs in that regard are not even admissible evidence, only the factual predicates therefore. Notwithstanding those objections, an employer is solely responsible for retaliation under Title VII, and thus Plaintiff believes the named Omnis entities set forth in the Caption illegally retaliated against her when she was terminated from her employment. Plaintiff also believes Simon Hodson, in concert with Jonathan Hodson, Mathew Hart, and Blake Stephens also participated in the unlawful retaliation.

**5. Identify all employees, agents, or representatives of Omnis, either current or former, who you allege created a hostile work environment against you. For each such individual, separately state the name of the individual and the basis for your allegation that**

**he or she subjected you to a hostile work environment.**

Answer: Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion, is ambiguous, vague, overbroad and/or unduly burdensome. Plaintiff further objections as this interrogatory asks for a legal conclusion and determinations of fact. An ultimate issue in this case is whether or not Plaintiff was subject to a hostile work environment. Plaintiff's beliefs in that regard are not even admissible evidence, only the factual predicates therefore. Notwithstanding those objections, an employer is solely responsible for creating a hostile work environment under Title VII, and thus Plaintiff believes the named Omnis entities set forth in the Caption created a hostile work environment. Plaintiff also believes Simon Hodson, in concert with Jonathan Hodson, Mathew Hart, Blake Stephens, Doug Quezada, and Richard Hulme directly participated in actions causing Plaintiff to suffer a hostile work environment.

**6. Identify each medical provider from whom you have sought or received treatment from January 2022 to the present for the pain and suffering alleged in your Amended Complaint. Include in your identification, the following information:**

- **a. The address of the medical provider;**
- **b. The dates on which you sought treatment;**
- **c. The diagnosis obtained, if any;**
- **d. The course of treatment prescribed, if any; and**
- **e. For each, complete and return the Authorization for Release of Protected Information Forms, attached as Exhibit A.**

Answer: Plaintiff responds as follows: Plaintiff did not treat with anyone for "Pain and suffering alleged in her Amended Complaint."

**7. Identify all sources of income you have received since August 30, 2023, including income from self-employment.**

Answer: Plaintiff refers Defendants to Bates Stamps P781, 784-788.

**8. Identify in complete detail all efforts made by you to obtain employment from August 30, 2023 through the present including: the name and address of each employer to whom you have applied; the nature and type of position(s) for which you applied; the date of each application; and the disposition of each application.**

Answer: Plaintiff objects to this Interrogatory to the extent that it is ambiguous, vague, overbroad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff does not recall each and every employer she sought employment with since the end of her employment with Defendants. However, Plaintiff recalls using job search engines such as Indeed.com and LinkedIn to view job openings and to further submit her resume and job application. Plaintiff refers Defendants to documents bates stamped P846-966.

**9. Identify any complaints you made to any Omnis Party or anyone acting on their behalf regarding any alleged illegal treatment that you believe you experienced during your**

**employment with the Omnis Party, including to whom you made the complaint; when you made the complaint; whether the complaint was verbal or in writing; the substance of the complaint; whether there are any documents referencing the complaint; and the response you received.**

Answer: Plaintiff limits this response to any complaints surrounding her claimed Title VII/PHRA claims, as the Parties have agreed not to engage in discovery on the FCA given the currently pending Motion to Dismiss. Plaintiff objects to this interrogatory to the extent its wording suggests that a lawfully protected complaint under Title VII or the PHRA much use the words "illegal," or be set forth in writing. Notwithstanding those objections, as set forth in Plaintiff's Complaint:

- Simon Hodson was quite vocal with Plaintiff about his intentions to "bring her over," (meaning have her join the LDS) and Plaintiff often uncomfortably and politely declined. However, Plaintiff was vocal to both Hodson himself, and Jonathan Hodson about her protestations of Hodson's behavior about religion and her preference not to discuss religion at work;

- On or about April 4, 2022, Plaintiff told Jonathan and Gina Hodson that she was uncomfortable with the constant religious statements Simon Hodsno was making to her;

- In or about May of 2023, Simon Hodson made a derogatory remark about women being at home; in connection with this incident, and while at the Morgantown WV facility, Hodson directed Blake Stephens to print a prayer out for Plaintiff – and Plaintiff specifically objected to Stephens that he should not have provided her with a prayer and he should know better as an attorney;

- In or about May of 2023, after this incident, Plaintiff called Mat Hart to explain that she opposed a derogatory comment Simon Hodson had made about women being at home, and complained about Blake Stephens providing her with a written copy of an LDS prayer; shockingly, Hart's response was that he found nothing wrong with it and probably because he believed in those teachings himself;

- Plaintiff had also complained to Mat Hart about and Blake Stephens that the way Simon Hodson acted toward her was inappropriate in a work setting.

- Plaintiff complained to Mat Hart that not only did Simon Hodson say thing about her appearance, but he had engaged in similar behaviors toward another woman: Lauren Burns (who only worked there a few weeks), and Mr. Hart simply made excuses for Simon Hodson's behavior;

- Hart had led prayer before breakfast at a meeting. Plaintiff told Hart that as the head of Human Resources, and he should not do something like this. Simon Hodson and Jonathan Hodson were present during the recital of the prayer by Mat Hart.

- Plaintiff adamantly expressed her discomfort in having girls who were in high school and under 18 years of age stay in hotels with Defendants' management (and frankly as a concept in general), Plaintiff later protested that she did not wish to be involved with these young girls nor the situation. Plaintiff voiced these concerns to Simon Hodson, Jonathan Hodson, Gina Hodson, and Angela Hextell;

- In or about the summer of 2023, Plaintiff spoke with Charles Gassenheimer about Simon Hodson treating her badly and he told Plaintiff since she was "not one of them" (meaning LDS), that it would just be that way and there is nothing she could do;

- On or about August 30, 2023, Simon Hodson stated to Plaintiff "hold my hands and look into my eyes and tell me you believe me," and Plaintiff protested, stating: "Don't touch me," and he stated, "then you should go";

- On September 6, 2023, at 9:44 a.m., Plaintiff sent Simon Hodson an email stating "Simon, it is important for you to understand how important the communities in West Virginia are to me. The treatment I have endured by you and others who work with you has been unbearable. . . My proposal also ensures that the incident that took place at the Greenbrier Resort on Wednesday, August 30, will never happen again, since I will be a Contractor and not an Employee. I assume that you would never ask a male employee to hold your hand and look into your eyes to know the truth. It is troubling that when I refused to hold your hand and look into your eyes, you state that you would let me go."

**10. Identify any claims, complaints, or charges you made with any governmental agency that involved any of the allegations made in your Amended Complaint, including the date on which it was filed, the name of the agency with which it was filed, any claim, case, or charge number assigned, and the disposition.**

Answer: Plaintiff limits this response to any complaints surrounding her claimed Title VII/PHRA claims, as the Parties have agreed not to engage in discovery on the FCA given the currently pending Motion to Dismiss. Without waiver and subject to said objection, Plaintiff refers Defendants to Bates Stamps P842-840 for documentation she submitted to the EEOC which was dual filed with the Pennsylvania Human Relations Commission.

**11. Describe with specificity each document that is responsive to any of the Omnis Parties' First Set of Requests for Production of Documents that you no longer have in your possession, custody or control, by providing the date, the author and signatories of the document, the type, subject matter and substance of the document, the names and addresses of all other persons who received copies of the document, the present custodian of the document, and include the reasons you no longer have possession, custody or control of each such document and the date when you last had possession, custody or control of such documents.**

Answer: Plaintiff objects to this Interrogatory to the extent that it is ambiguous, vague, overbroad and/or unduly burdensome. Without waiver and subject to said objection, none.

**12. Identify all oral or written statements, as defined by Fed. R. Civ. P. 26(b)(3), whether or not made by representatives, agents, or employees of Omnis in this action, that you believe support any aspect of your claims and/or defenses of the parties to this suit. In answering this interrogatory, please identify the date the statement was made, the person making the statement, the person(s) to whom the statement was directed, and whether the statement was written or oral.**

Answer: Plaintiff objects to this Interrogatory to the extent that it is ambiguous, vague, overbroad and/or unduly burdensome. Without waiver and subject to said objection, Plaintiff has not yet obtained any "statements" relating to the claims and/or defenses of the parties to this suit. To the extent Defendant is asking for every single conversation she endured during her employment, this Interrogatory is more properly suited for a deposition. To the extent Defendant is seeking conversations that were occurring behind closed doors leading to her separation (for which she was not a party), discovery is ongoing and Plaintiff is seeking electronic discovery and depositions in that regard. Plaintiff reserves the right to supplement this response.

**13. Identify all documents or information you removed, retained, or obtained from any Omnis Party, in your possession, either in hard copy or electronic formats.**

Answer: Plaintiff objects to the use of the term "remove," as Plaintiff was lawfully in possession of her laptop used for work purposes. Without waiver and subject to said objection, Plaintiff refers Defendants to Bates Stamps P1-1793.

**14. Describe with specificity each communication from any employee, agent, or representative of Omnis indicating that you were owed a bonus of $215,512.00. For each of the "numerous promises" Omnis allegedly made to pay this bonus, separately state the name of the individual who made the promise and when the promise was made.**

Answer: Plaintiff objects to this Interrogatory to the extent that it is ambiguous, vague, and ignores the contents of Plaintiff's written offer letter for a bonus. Without waiver and subject to said objection, Plaintiff also refers Defendants to Bates Stamps D 32-32, D 45, and text messages with Simon Hodson produced herewith from July of 2023 and September of 2023. In addition, Plaintiff states that at a conference in Washington DC at the Marriott Marquis Hotel in July 2022, she spoke to Simon Hodson about her bonus. While there, Simon Hodson brought Plaintiff to a meeting and a woman put her hands on Plaintiff's stomach and prayed on Plaintiff's womb so that she could reproduce. Plaintiff immediately told Simon Hodson when they walked out of the room towards the elevators that it was very upsetting and uncomfortable for Plaintiff. Sean Reyes and Doug Quezada, Simon's son-in-law with various positions in the Omnis companies, were there with Plaintiff and Hodson at the conference. A group conversation led to child trafficking discussions and Plaintiff asked Simon what child trafficking had to do with the business and why she was involved in such conversations. Simon Hodson was angry and did not allow Plaintiff to go to dinner with him. Plaintiff was so incredibly frustrated from the events

which took place that day that while standing in the hotel lobby, near the restaurant, Plaintiff told Simon that it was her understanding that everyone but herself had received their back pay and bonus and she was insisting that she too be paid as promised. Simon Hodson told Plaintiff that he thought she had received her pay and to talk to Randy Smith, his brother-in-law and CFO of multiple Omnis companies to straighten it out and get what she was owed. Plaintiff had numerous conversations with Randy Smith and Simon Hodson after this date but only received her back pay – but not her promised bonus.

**15. Identify and describe every instance wherein you allege Simon Hodson attempted to convert you to the LDS faith.**

Answer: Plaintiff refers to her federal complaint, specifically:

- Plaintiff is not a member of the LDS; therefore, Hodson sought to "convert" Plaintiff to his religion and press his religious views on her throughout her entire period of employment with Defendants (and aggressively so).

- Many work conversations within Defendants' management brought about a discussion on religion (including facilitating LDS prayers at business meals) or included talking about events the LDS was hosting (simply by way of examples).

- Hodson was quite vocal with Plaintiff about his intentions to "bring her over," (meaning have her join the LDS) and Plaintiff often uncomfortably and politely declined. Plaintiff was vocal to both Hodson himself, and Jonathan Hodson about her protestations of Hodson's behavior about religion and her preference not to discuss religion at work.

- Defendants did not maintain any type of employee handbook during Plaintiff's tenure and had no real avenue for redress of internal complaints (and Hart: VP of Human Resources -- openly condoned some of Defendants' obvious discriminatory behaviors). Simply by way of example, at a company meeting, Stephens was speaking of his young child, and Hodson made a negative remark about women being better suited for staying at home. Thereafter, Hodson directed Stephens to share an LDS prayer with Plaintiff and actually directed him to print it out;

- Jonathan Hodson said Plaintiff would just get upset if she knew of all the LDS church things going with the company including with the minor girls. The girls and other LDS members at Omnis would all attend church, picnics and other events together. Plaintiff then always said she didn't want to talk about it.

- On April 4, 2022, Jonathan Hodson and his wife, Gina Hodson picked Plaintiff up from the Charleston, West Virginia airport to travel to Boone County for a press event with Devanna Corley, SEVA and numerous political and business leaders. While in the car driving to the event, Plaintiff expressed to Jonathan and Gina how Simon Hodson was making her uncomfortable talking about religion and trying to convince her to join them in their religion. Jonathan and Gina Hodson told Plaintiff she didn't understand how high

up Simon Hodson is with the LDS church and Plaintiff told them she did not care (how high up in the LDS church he was);

- Another time Jonathan Hodson told Plaintiff that his father (Simon Hodson) was connected through his ancestors to the Jewish people and so he gets along well with people of the Jewish faith in the business community. Plaintiff told Jonathan that she didn't understand what he was talking about and she didn't think it was right to talk about religion at work.

- Hart led prayer before breakfast at a meeting at Cracker Barrel. Plaintiff told Hart that as the head of Human Resources, and he should not do something like this. Simon Hodson and Jonathan Hodson were present for this conversation.

**16. Describe every denigrating comment made by "Defendants' management" to you that made you feel as if "[your] opinion was not nearly as important as that of [your] male LDS peers." For every comment, identify who made the comment and when the comment was allegedly made.**

Answer: Plaintiff states as follows:

- Hodson made a negative remark about women being better suited for staying at home; in addition Plaintiff brough this comment to Mathew Hart and he completely disregarded this discriminatory comment and affirmed he agrees with the teachings of the LDS Church;

- In or about May of 2023, during meetings in Washington County, PA, at the Bailey Consol Mine, Simon Hodson was present with an entire Utah delegation of elected officials, his son-in-law (Doug Quezada[1]) and a representative from a public relations firm in Utah. Plaintiff was the only female, and was repeatedly spoken down to, and humiliated, so the point Plaintiff was in tears (as she was challenged in this meeting for bringing up her opinion). These persons were also present: Rich Hulme, Richard Kingan, and Jonathan Hodson;

- In or about May of 2023 through September of 2023, Plaintiff participated in zoom calls with men, either relatives of Simon Hodson, or connected through the LDS church. On these zoom calls, Plaintiff was talked down to and everything she said was wrong. Plaintiff's work product was openly discussed as poor. On certain calls, Plaintiff had an outside consultant whom Plaintiff had requested to assist in Washington, D.C. (Randa Fahmy). Other witnesses on these calls: Rich Hulme, Randy Smith, Richard Kingan;

- Plaintiff was the only female in an executive position for the Omnis Global, Omnis Building, Omnis Sublimation, Omnis Pleasants, or OBT Bluefield (otherwise, there were female employees who were hired as assistants with secretarial duties, and one female employee who performed cleaning duties);

[1] Titled VP of Business Development for Omnigen and Director of Government Relations for Omnis Global.

- Simon Hodson would demean Plaintiff in front of others, saying “She doesn’t understand anything,” or “She doesn’t understand technology,” and Plaintiff would try to explain she was a licensed attorneys, to which Simon Hodson would state: “But you’re not a real lawyer,” where he had never made any similar degrading comments to his VP General Counsel Blake Stephens.

**17. Describe every “[constant] inappropriate comment[s]” made about your physical appearance while employed at Omnis. For every comment, identify who made the comment and when the comment was allegedly made.**

Answer: Plaintiff responds as follows: Simon Hodson always commented about Plaintiff’s hair, skin, nails and weight. Simon Hodson would comment on Plaintiff’s clothing. In the summer of 2023, while at a restaurant in Washington DC, as Plaintiff got up to go to the bathroom, Simon Hodson commented to me "size 4?" Simon Hodson would make comments about Plaintiff’s nail polish colors and even one time told the minor girls to look at Plaintiff’s nails to see that she was wearing the perfect color polish for a woman, and Simon Hodson then told one of the girls that their nail polish was too dark and not what a woman should wear. Simon would comment on Plaintiff’s skin and tell Plaintiff that he could help fix it. Plaintiff and Hodson were once in a rental car at the Santa Barbara airport and he insisted that he could get Plaintiff something to help with her skin but she told him she was not interested.

**18. State to whom you expressed your discomfort regarding Omnis’s female interns. For every time you expressed your discomfort, detail what you said about the interns and when you allegedly made these statements.**

Plaintiff responds as follows: There were no female interns at any Omnis company or any female interns working with Simon Hodson and the Omnis Companies. Plaintiff expressed discomfort as to minor girls, namely Mariah Huss and Kara Roles, staying in hotels with Simon Hodson and traveling with Simon Hodson and others working in the Omnis companies, and these minor girls being flown to California for medical treatment (for which Simon Hodson paid cash for their medical treatment). Plaintiff also complained about the meals, gifts and other payments being provided to these young girls. The meals, gifts, payments, traveling and staying in hotels with Simon Hodson and others working in the companies began when these minor girls were in high school. Since it was during COVID, the minor girls would complete their schoolwork on-line. Plaintiff expressed her discomfort and complained numerous times to individuals including Simon Hodson, Jonathon Hodson, Gina Hodson, Michael Hodson, Angela Hextell, Keith Thompsom, Randall Smith, Charles Gassenheimer, Charles Zelek, Walter Favruzzo, Bill Cole, Josh Martincic, and Jamie Corton. Plaintiff would either bring it up or she would be asked by others who “the girls were” with the Omnis team. Plaintiff cannot recall each and every statement pertaining to these girls.

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*

Christine E. Burke, Esq.
8 Interplex Drive
Suite 128
Feasterville-Trevose, PA 19053
(215) 639-0801 phone
(215) 639-4970 fax

Date: April 30, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE CHRISTIAN | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | CASE NO.: 24-1319 |
| v. | ) | |
| | ) | |
| OMNIS GLOBAL TECHNOLOGIES, LLC | ) | |
| and | ) | |
| OMNIS BUILDING TECHNOLOGIES, LLC | ) | |
| and | ) | |
| OBT BLUEFIELD, LLC | ) | |
| and | ) | |
| OMNIS FUEL TECHNOLOGIES LLC | ) | |
| d/b/a OMNIGEN | ) | |
| and | ) | |
| OMNIS SUBLIMATION RECOVERY | ) | |
| TECHNOLOGIES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify on the date set forth below that I served Defendants with Plaintiff's Responses to Defendants' First Set of Interrogatories via Email:

Matthew J. Hank, Esq.
Alexa J. Laborda Nelson, Esq.
Haley R. Norwillo, Esq.
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

*/s/ Erin McVicar*

Erin McVicar
*Paralegal*

Dated: April 30, 2025