**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; AND OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON K. HODSON,<br><br>Defendants. | Civil Action No. 2:24-cv-01319 |

**PLAINTIFF'S OPPOSITION IN REPONSE TO DEFENDANT'S SECOND MOTION TO AMEND THEIR ANSWER, AND AFFIRMATIVE DEFENSES AS IT PERTAINS TO THE 'AFTER ACQUIRED EVIDENCE DEFENSE'**

## I. Brief Background and Defendants' Futility in the current Amendment

This civil rights case has been pending on the docket since March 28, 2024. Dkt. No.: 1. Ms. Christian asserts that her employer wrongfully terminated her employment in violation of Title VII on account of her sex, religion and/or due to her opposition to certain activities prohibited under Title VII (and the PHRA). *Id.*[1] The Omnis entities are a collection of related business entities owned and operated by the Hodson family (namely Simon Hodson) and pertinent to this case, his brother Jonathan Hodson. *Id. passim.*

[1] There has been significant early motion practice in this case, namely a motion to transfer venue (then withdrawn), a motion to dismiss (denied as moot following an amended complaint), another motion to dismiss (centered on Ms. Christian's claim under the False Claims Act), and recently a pending Motion to Amend to as it pertains to her claim under the False Claims Act (for retaliation), and PA Common Law for refusing to engage in illegal activities. That Motion is still pending.

Ms. Christian (a licensed attorney) was hired to work for the Omnis' business in November of 2020 as the "Vice President of Government Relations." *Id.* During her time reporting to Simon Hodson and Johnathan Hodson (both members of the Church of the Latter-Day Saints), she was subject to numerous comments about her religious views and sexist comments about a women's role in society (that being in the home). *Id. Passim*. Ms. Christian was also asked to perform tasks well outside her role, related to the Hodson's desire to encourage young girls within the LDS community to attend schooling and/or events for which he would remit compensation. *Id.*, at 42-56. These allegations are part and parcel to her allegations giving her to her termination. *Id. passim*. All Parties agree that Ms. Christian was separated effective in September of 2023. (Though they vehemently dispute whether she resigned or was terminated).

The Defense has already pursued an action in Bucks County Court of Common Pleas, and a proceeding in California AAA related to Ms. Christian and disputes over her "company" computer and the contents thereof. The action in Bucks resolved by way of a formal consent decree between the Parties, and Omnis has since withdrawn the AAA Complaint.

The Defense already sought to amend their Answer to add the "after-acquired evidence" defense on July 15, 2025 (arising out of having "recently" discovered in the Spring of 2025) Ms. Christian sent internal company emails to herself. Dkt. No.: 39. This Court granted the Defendants' Motion to Amend their Answer to add this affirmative defense based upon the facts plead (Dkt. No.: 40), and even before Plaintiff was permitted to respond to their Motion within the 14 days of filing.

As it relates to the instant Motion to Amend, the Defendants are asking this Court to create "new law," and base an after acquired evidence defense upon *post employment* conduct – i.e. something that happened almost a year after Ms. Christian's termination (namely, her reciting the

incidents in the Complaint to a third party an allegedly likening Simon Hodson to Jeffrey Epstein). There is no binding authority in the Third Circuit that extends the after-acquired evidence doctrine to post employment conduct. The prior request for leave to amend their Answer for after-acquired evidence, related to emails Ms. Christian was forwarding to herself *during the employment relationship*. This request to amend is dramatically different, and would be futile as it is not supported in the law. Accepting Defendants' arguments as true, any time a Plaintiff bad mouths their employer or talks about the actual incidents in their civil rights lawsuit post filing – it would give rise to the after acquired evidence defense. No Court has extended the doctrine this expansively.

Moreover, Defendants are engaging in i.) significant delay tactics and ii.) bad faith, as they have known about this purported interaction for nearly a year – as they filed a "Counter Claim" against Ms. Christian for Defamation in October 2024 (Dkt. No.: 20)(which was subsequently dismissed for lack of subject matter jurisdiction). Dkt. No.: 42. There is no basis for their delay, other than the fact that their effort to pursue an after acquired evidence defense (related to Ms. Christian sending emails to herself) is now moot, as she has agreed to limit her damages from whence this information was discovered this past Spring of 2025.

For the reasons set forth *herein*, Defendants' Motion to Amend to add an after acquired evidence defense for *post termination conduct* (occurring in or about July of 2024) should be denied.

## II. Legal Argument

"The weight of authority precludes the admission of post-termination misconduct." *Weiping Liu v. Indium Corp. of Am.*, No. 6:16-cv-01080 (BKS/TWD), 2019 U.S. Dist. LEXIS 203779, at *5 (N.D.N.Y. Nov. 25, 2019). The Second Circuit has never had occasion to decide whether post-employment misconduct can support an after-acquired evidence defense." *Sanders*, 2007 U.S.

Dist. LEXIS 57319, at *35, 2007 WL 2254698, at *12 (citing one circuit case holding that "it can," another circuit case holding that "it might," but noting that "the weight of authority in the district courts is to the contrary"); *see also Ellis v. Cygnus Enter., LLC*, No. 11-cv-771, 2012 U.S. Dist. LEXIS 10011, at *9, 2012 WL 259913, at *3 (E.D.N.Y. Jan. 3, 2012) (noting that *Sanders* "was decided over a decade ago; however, and the Second Circuit has not yet ruled on this issue"), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 9997, 2012 WL 259910 (E.D.N.Y. Jan. 27, 2012).

The Third Circuit also has not ruled on the issue. However, numerous Courts have found the after-acquired evidence doctrine applies only to misconduct committed during employment. S*ee Ryder v. Westinghouse Elec. Corp.*, 879 F. Supp. 534, 537 (W.D. Pa. 1995); *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682 (S.D.N.Y. 1995); *Carr v. Woodbury Cty. Juv. Det. Ctr.*, 905 F. Supp. 619 (N.D. Iowa 1995).

In *Ryder v. Westinghouse Elec. Corp.*, the district court held *McKennon* presupposes the misconduct occurred during an employer-employee relationship.

> “After-acquired evidence has been defined as "evidence of the employee's or applicant's misconduct or dishonesty which the employer did not know about at the time it acted adversely to the employee or applicant but which it discovered at some point prior to, or, more typically, during, subsequent legal proceedings." *Mardell,* 31 F.3d at 1222. This definition presupposes that there was an employer-employee relationship at the time the misconduct occurred, *i.e.,* that the employee had not yet been terminated. Moreover, there cannot be misconduct that the employer did not know about prior to making its adverse decision if the misconduct did not even occur until after the adverse decision was made. Westinghouse has not pointed to a single decision in which the doctrine was applied to alleged "misconduct" occurring after an employee was terminated, and we believe that the principles enunciated in *Mardell* and *McKennon* preclude us from expanding the doctrine to that extent. *See also Calhoun v. Ball Corp.,* 866 F. Supp. 473, 477 (D. Colo. 1994) (doctrine did not apply where plaintiff, upon being terminated, removed more than 5200 company documents from the workplace).

*Ryder v. Westinghouse Elec. Corp.*, 879 F. Supp. 534, 537-38 (W.D. Pa. 1995).

In *Carr v. Woodbury County*, the district court excluded evidence of post-termination marijuana use as irrelevant to the after-acquired evidence doctrine in part because the "County policies governing employment cannot properly be imposed upon a person after his or her employment has terminated." *Id. and see Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999) (affirming district court's refusal to instruct the jury that they could consider plaintiff's post-termination verbal abuse at an unemployment benefits hearing in setting plaintiff's damages, but recognizing the "possibility that in appropriate circumstances the logic of *McKennon* may permit certain limitations on relief based on post-termination conduct") *with Nesselrotte v. Allegheny Energy, Inc.*, 2007 U.S. Dist. LEXIS 79147, 2007 WL 3147038 (W.D. Pa. 2007) (denying the defendant's motion to amend its answer to add an after-acquired evidence defense where the evidence concerned post-termination conduct, finding that the "after-acquired evidence doctrine appears inapplicable"); *Ryder v. Westinghouse Elec. Corp.*, 879 F. Supp. 534, 537 (W.D. Pa. 1995) (refusing to apply after-acquired evidence doctrine to post-termination misconduct, finding that doctrine "presupposes that there was an employee relationship at the time the misconduct occurred"); *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682 (S.D.N.Y. 1995) (finding *McKennon* "premised on the employee's misconduct occurring during her employment" and inapplicable to post-termination misconduct); *Carr v. Woodbury Cty Juv. Det. Ctr.*, 905 F. Supp. 619 (N.D. Iowa 1995) (excluding evidence of plaintiff's post-termination marijuana use, reasoning that *McKennon* applies only when misconduct occurs during the existence of the employment relationship); *Ryder v. Westinghouse Elec. Corp.*, 879 F. Supp. 534, 537-38 (W.D. Pa. 1995) (holding that the after-acquired evidence doctrine did not apply to the plaintiff's disclosure of confidential information after termination).

A number of "courts have concluded that, because *McKennon* was premised on an employee-employer relationship, any misconduct occurring outside that relationship falls outside of the reach of the rule." *Jones v. Nissan N. Am., Inc.*, 438 F. App'x 388, 406-07 (6th Cir. 2011); *and see, e.g., Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682-83 (S.D.N.Y. 1995); *Ryder v. Westinghouse Elec. Corp.*, 879 F. Supp. 534, 537-38 (W.D. Pa. 1995); *Carr v. Woodbury Cnty. Juv. Det. Ctr.*, 905 F. Supp. 619, 627-28 (N.D. Iowa 1995); *Oster v. Huntington Bancshares Inc*., No. 2:15-cv-2746, 2017 U.S. Dist. LEXIS 76651, 2017 WL 2215462* (S.D. Ohio 2017)((Marbley, J.) (district court permitted only evidence of pre-termination misconduct noting "the perverse incentives created if employers were rewarded for rummaging around an ex-employee's life following his or her termination, all in the name of creating some post-hoc rationale for that very termination. It stands to reason that losing one's job may create unexpected and unordinary hardships in a person's life—hardships that, in any event, easily could be spun to justify the underlying termination.").

Another District Court explaining the language in *McKennon*:

> The language of the *McKennon* holding suggests that the acquired evidence rule only applies to pre-termination misconduct. The Court stated that an employee's recovery is limited when an employee has engaged in misconduct that would have resulted in termination "**if the employer had known of it *at the time of the discharge*"** (emphasis added). 513 U.S. at 363. As another court explained, "if said conduct occurred after Defendants informed her of her termination... the after-acquired evidence doctrine appears inapplicable because Defendants could not have terminated Plaintiff for conduct to occur in the future." *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2007 U.S. Dist. LEXIS 79147, 2007 WL 3147038, at *7 (W.D.Pa. October 25, 2007).

*Tschappatt v. Crescent Metal Prods*., No. 1:17CV337, 2018 U.S. Dist. LEXIS 98416, at *6-7 (N.D. Ohio June 12, 2018).

“[P]ost-termination misconduct may not be considered in determining damages in a discrimination lawsuit.” *Ellis v. Cygnus Enters., LLC*, No. CV 11-771 (SJF) (AKT), 2012 U.S. Dist. LEXIS 10011, at *8-9 (E.D.N.Y. Jan. 3, 2012)*(citing Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682-83 (S.D.N.Y. 1995).

The Defense has not cited a single case that would support the interpretation that negative remarks about a prior employer, and discussion of the specific conduct giving rise to a Title VII violation would support a theory for after acquired evidence. This interpretation of *McKennon* is a perverse incentive to encourage misuse of this doctrine and simply isn’t supported by the weight of authority on these issues. (And there are 1 or 2 district courts in our Circuit who have extended the doctrine to post-employment conduct, but in *very* unique circumstances pertaining to illicit drug use directly affecting one’s qualifications for the job).

As a separate matter, the Defense has provided no reason to this Court as to why they failed to include this defense in October of 2024 when they sought to file a Counter Claim on this same factual basis. This is bad faith and undue delay.

**III. Conclusion**

For the reasons set forth herein, Plaintiff respectfully requests that Defendants’ Second Motion to Amend their Answer on the issue of affirmative defense be denied.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Christine E. Burke*________________
Christine E. Burke, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
*Attorneys for Plaintiff*

Date: September 3, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; AND OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON K. HODSON,<br><br>Defendants. | Civil Action No. 2:24-cv-01319 |

**CERTIFICATION OF SERVICE**

I certify on the date set forth below that I served Defendants with a copy of Plaintiff's Response in Opposition to Defendants' Motion Amend their Answer, via ECF:

Matthew J. Hank, mhank@littler.com
Alexa J. Laborda Nelson, alabordanelson@littler.com
Haley R. Norwillo, hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102

**KARPF, KARPF & CERUTTI, P.C.**
*/s/ Christine E. Burke*______________
Christine E. Burke, Esq.

Dated: September 3, 2025