**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON HODSON,<br><br>Defendants. | Civil Action No. 2:24-cv-01319 |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR AMENDED PARTIAL ANSWER TO FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................ 1

II. LEGAL ARGUMENT ........................................ 1

A. The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct ........................................ 1

1. This Court Has Twice Recognized The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct ........................................ 2

2. The Weight Of Authority Recognizes That The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct ........................................ 2

3. The View That The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct Is Not Merely The Majority View, It is Right ........................................ 3

B. The Proposed Amendment Is In Not Bad And Faith Or The Product Of Undue Delay ........................................ 6

III. CONCLUSION ........................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Fogg v. Gonzales*,
492 F.3d 447 (D.C. Cir. 2007) ....................2, 4, 5

*Foman v. Davis*,
371 U.S. 178 (1962)....................7

*Jones v. Nissan N. Am., Inc.*,
438 Fed. Appx. 388 (6th Cir. 1011)....................2, 3

*Kiser v. General Elec. Corp.*,
831 F.2d 423 (3d Cir. 1987)....................6

*McKenna v. City of Phila.*,
636 F. Supp. 2d 446 (E.D. Pa. 2009) ....................2

*McKennon v. Nashville Banner Publ'g Co.*,
513 U.S. 352 (1995)....................2, 3, 4

*Sellers v. Mineta*,
358 F.3d 1058 (8th Cir. 2004).................... .2

*Smyth v. Wawa, Inc.*,
No. 06-4474, 2008 WL 741036 (E.D. Pa. 2008) ....................2, 4, 5, 7

*Zisumbo v Ogden Reg'l Med. Ctr.*,
80 F.3d 1185 (10th Cir. 2015) ....................2

## I. INTRODUCTION

Two arguments in Ms. Christian's Opposition to Defendants' Motion to Amend Their Answer (ECF 53) warrant reply: (A) that the after-acquired evidence defense may not be based on post-termination misconduct and (B) that the proposed amendment is in bad and faith and the product of undue delay.

## II. LEGAL ARGUMENT

### A. The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct

Ms. Christian maintains amendment would be futile, because Defendants allege it was only after her employment ended that she made her intentionally false, malicious accusations about Defendants trafficking young women. In Ms. Christian's mind, the consideration that she allegedly made the remarks after her employment ceased means those remarks should play no role in the Court's assessment (assuming Ms. Christian proved liability) of what remedies are appropriate. Ms. Christian takes this position even though she seeks equitable relief, including front-pay and reinstatement.

Ms. Christian acknowledges that cases hold post-termination misconduct *may* be considered in determining appropriate remedies in a discrimination suit. But she argues that "[t]he weight of authority" reaches the opposite conclusion. (ECF 53, p. 3 of 9.) Ms. Christian further urges this Court not to create what she characterizes as "new law" (*id*. at p. 2 of 9) by recognizing that post-termination misconduct may form the predicate for an after-acquired evidence defense. Instead, she invites the Court to join a vein of district-court opinions – many from the 1990s – reasoning that, because the after-acquired evidence defense presupposes that there was an employment relationship at the time the misconduct occurred, the defense may not be based on post-termination misconduct. (*See id.* at p. 5 of 9.)

Three points are warranted in reply.

### 1. This Court Has Twice Recognized The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct

Contrary to Ms. Christian's assertion, we are not asking the Court to make "new law." We are merely asking the Court to recognize what it has twice recognized before: the after-acquired evidence defense discussed in *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995) may be based on post-termination conduct. *See McKenna v. City of Phila.*, 636 F. Supp. 2d 446, 461 & n.4 (E.D. Pa. 2009) (concluding after-acquired evidence defense may be predicated on post-termination conduct); *Smyth v. Wawa, Inc.*, No. 06-4474, 2008 WL 741036 at **16-18 (E.D. Pa. 2008) (concluding post-termination misconduct could be relevant in determining whether to award reinstatement or front pay).

### 2. The Weight Of Authority Recognizes That The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct

Contrary to Ms. Christian's assertion, the "weight of authority" is not on her side of the argument. Three Circuit Courts of Appeals have concluded that post-employment misconduct could be the basis for applying the after-acquired evidence defense. *See Zisumbo v Ogden Reg'l Med. Ctr.*, 80 F.3d 1185, 1205-7 (10th Cir. 2015) (quoting *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999) for the proposition that the logic of *McKennon* "may permit certain limitations on relief based on post-termination conduct" and holding that district court's decision to limit plaintiff's back pay to the period between his termination and his post-termination conviction was not an abuse of discretion); *Fogg v. Gonzales*, 492 F.3d 447, 456 (D.C. Cir. 2007) (affirming district court's ruling that post-termination misconduct limited front-pay award); *Sellers v. Mineta*, 358 F.3d 1058, 1064 (8th Cir. 2004) (concluding "an employee's post-termination conduct can, in some circumstances, limit an employee's remedies for a wrongful discharge.")

Ms. Christian has not pointed to one Circuit Court on her side of the ledger. Her reliance on *Jones v. Nissan N. Am., Inc.*, 438 Fed. Appx. 388, 406 (6th Cir. 1011) for the proposition that "courts have concluded that, because *McKennon* was premised on an employee-employer relationship, any misconduct occurring outside that relationship falls outside of the reach of the rule" is accurate. But Ms. Christian neglects to mention that the Sixth Circuit went on to observe

that both Circuit Courts of Appeals that had considered the issue as of 2011 "concluded that post-employment misconduct *could* be the basis for applying *McKennon's* after-acquired evidence defense." *Id*. at 406 (emphasis in original). She also neglects to mention that, in *Jones*, the plaintiff was "still an employee at the time" of his misconduct, which meant the Sixth Circuit did not decide whether post-employment misconduct could be the basis for applying *McKennon's* after-acquired evidence defense.

All three Circuit Courts of Appeals to have addressed this issue, and two judges in this District, have concluded the after-acquired evidence defense may be based on post-termination conduct. The weight of authority is not on Ms. Christian's side of this argument; it is on Defendants' side.

### 3. The View That The After-Acquired Evidence Defense May Be Based On Post-Termination Conduct Is Not Merely The Majority View, It is Right

In *McKennon v. Nashville Banner Publ'g Co*., 513 U.S. 352 (1995), the Supreme Court provided guidance as to how after-acquired evidence of employee wrongdoing should be treated in employment discrimination cases. The factual scenario was this: the Banner Publishing Company's former employee, Ms. McKennon, claimed Banner discharged because of her age. During her deposition, she admitted she had "copied several confidential documents bearing upon the company's financial condition," and that she had taken these documents as "insurance" in case she was ever discharged. *Id*. at 355. On summary judgment, Banner "conceded its discrimination against McKennon" but asserted Ms. McKennon's misconduct, which according to company policy was grounds for discharge, was a shield to liability for discrimination under the Age Discrimination in Employment Act. *Id*. The district court granted summary judgment for Banner on that basis, and Sixth Circuit affirmed. *See id*.

The Supreme Court disagreed, holding that, if an employer fires an employee for a discriminatory reason, later-discovered evidence the employee could have been dismissed for a lawful reason does not absolve the employer from liability. *See id*. at 360. Later-acquired evidence of employee misconduct may, however, bear on the appropriate remedies, including whether the

employer (1) must offer reinstatement, (2) must provide front pay, and (3) must only provide backpay "from the date of the unlawful discharge to the date the new information was discovered." *Id.* at 360-62.

The *McKennon* Court did not confront a scenario in which the employee engaged in misconduct after her employment ended. Nor did the Court explain how after-acquired evidence should be treated in every situation, leaving this issue to "be addressed by the judicial system in the ordinary course of further decisions." *Id.* at 361. It does not follow from those premises, however, that *McKennon* limited the after-acquired evidence doctrine to scenarios where the employee's misconduct predates the termination of her employment. *See, e.g., Smyth*, 2008 WL 741036 at **16-18.

Such a categorical limitation would make no sense, because it would tie the hands of a court sitting in equity and lead to absurd results. *Fogg v. Gonzales*, 492 F.3d 447 (D.C. Cir. 2007) illustrates this point. In *Fogg*, the plaintiff successfully sued his employer, the United States Marshals Service, for race discrimination. *See id*. at 449. After the wrongful termination, however, the plaintiff misrepresented himself as U.S. Marshal. *See id*. at 456. On that basis, the defendant argued, Mr. Fogg had unclean hands, a consideration that should limit the availability of equitable relief. The district court agreed, and denied front pay to Mr. Fogg on that ground. *See id*. at 456. On appeal, the Court of Appeals affirmed that aspect of the trial court's decision, reasoning that it "was well within the district court's equitable discretion" to deny front pay on that basis, because the "unclean hands doctrine 'necessarily gives wide range to … court's use of discretion in refusing to aid' litigant so tainted." *Id*. (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)).

If the rule Ms. Christian urges had been adopted by the *Fogg* court, the trial judge, sitting in equity, would have had to ignore Mr. Fogg's post-employment misrepresentation when considering whether to award equitable relief. Presumably, if the rule Ms. Christian urges were adopted, the United States Marshals Service could have been ordered to rehire as a U.S. Marshal . . . a man with a history of impersonating a law enforcement officer. That front-pay was at issue

in *Fogg* does not change the analysis, because front pay is a disfavored remedy that may only be awarded where reinstatement is impractical or impossible *and that impracticality or impossibility is not attributable to the plaintiff*. *Smyth*, 2008 WL 741036 at *17.

This principle is particularly salient here. Let us assume for the sake of argument that Ms. Christian prevails on one of her discrimination theories. In that scenario, the Court would have to decide whether to award front pay and reinstatement to Ms. Christian, as she has requested. The Court would also have to decide whether to provide backpay from the date of the alleged unlawful discharge to the date Defendants learned of Ms. Christian's calumnious statements about the Defendants. In this hypothetical scenario, when the Court makes these decisions, it would be sitting in equity.

Yet Ms. Christian would have the Court shut its eyes to evidence that Ms. Christian, for example, accused Simon Hodson of "trafficking women like Jeffrey Epstein." It cannot be said with a straight face that a court sitting in equity should not take into account, when it considers reinstatement, whether it would be fair to force Mr. Hodson to work cheek-by-jowl with a person who falsely accused him of being a child molester. It cannot be said with a straight face that a court sitting in equity should not take into account, when assessing if the plaintiff's conduct has made reinstatement impractical or impossible (a question it is necessary to ask when determining whether to award front pay), whether the plaintiff has falsely called her former employer a child molester. Yet the rule Ms. Christian proposes – that the Court should categorially close its eyes to evidence of post-termination misconduct – would require the Court to make equitable judgments without such pertinent facts.

Three Circuit Courts of Appeals were right to hold that the after-acquired evidence defense may be based on post-termination misconduct. This Court was right to twice reach the same conclusion. Your Honor should thus follow the weight of authority. The Court should hold amendment is not futile, because Defendants may predicate their after-acquired evidence defense on Ms. Christian's post-termination misconduct.

### B. The Proposed Amendment Is In Not Bad And Faith Or The Product Of Undue Delay

Regarding Ms. Christian's argument that the proposed amendment should be denied because it is the product of bad faith and undue delay (see ECF 53, pp. 3, 7 of 9), two points are warranted in reply.

*First*, it is a fatal flaw in Ms. Christian's argument that she does not explain how the "delay" prejudiced her. The word "prejudice" is not even in her brief. "[M]ere delay is not by itself enough to justify denial of leave to amend. The delay, to become a legal ground for denying a motion to amend, must result in prejudice to the party opposing the amendment, and it is the opposing party's burden to prove that such prejudice will occur." *Kiser v. General Elec. Corp.*, 831 F.2d 423, 427-28 (3d Cir. 1987) (quotation omitted). It is dispositive that Ms. Christian has not attempted to meet that burden.

*Second*, there has been no delay. Defendants learned of Ms. Christian's calumniatory behavior in July 2024. In Defendants' first responsive pleading, they pleaded that behavior as the factual predicate for their defamation counterclaim. It is true, as Ms. Christian points out, that on July 22, 2025, the Court dismissed that counterclaim for lack of subject-matter jurisdiction. (ECF 42.) But, in these circumstances, it can hardly be said that Defendants slept on their rights.

## III. CONCLUSION

Leave should be denied only in certain exceptional circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Those circumstances do not exist here. There is, contrary to Ms. Christian's assertion, no categorical bar to a defendant basing the after-acquired evidence defense on post-termination misconduct, *see, e.g., Smyth*, 2008 WL 741036 at **16-18, and it cannot be said that Defendants have engaged in bad faith, undue delay, or any other conduct that prejudices Ms. Christian. We respectfully request that the Court grant their motion for leave to amend their partial amended answer (ECF 52).

Dated: September 10, 2025

Respectfully submitted,

*/s/ Matthew J. Hank*

Matthew J. Hank, Bar No. 86086
mhank@littler.com
Alexa J. Laborda Nelson, Bar No. 314652
alabordanelson@littler.com
Haley R. Norwillo, Bar No. 333731
hnorwillo@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September 2025 a copy of the Defendants' Reply Brief in Further Support of Their Motion For Leave To Amend Their Amended Partial Answer To First Amended Complaint, was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Matthew J. Hank*
Matthew J. Hank