IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **MICHELLE CHRISTIAN,** | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | NO. 24-1319 |
| **OMNIS GLOBAL TECHNOLOGIES, LLC, et al.,** | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW,** this 24th day of September, 2025, upon consideration of the Motion to Compel Discovery by Defendants Omnis Global Technologies, LLC, Omnis Building Technologies, LLC, OBT Bluefield, LLC, Omnis Fuel Technologies LLC D/B/A Omnigen, Omnis Sublimation Recovery Technologies, LLC, and Simon Hodson (collectively, "Defendants" or the "Omnis Parties") (ECF No. 43), it is hereby **ORDERED** that the Motion is **DENIED**.[1] The Omnis Parties are **ORDERED** to amend Interrogatory No. 1 in accordance with this Order.

---

[1] On August 14, 2025, the Omnis Parties filed a motion to compel Plaintiff Michelle Christian to provide two categories of discovery responses: (1) a complete response to Interrogatory No. 1, which asks Christian to identify each individual whom she contacted or was contacted by about any Omnis party on or after August 30, 2023; and (2) amended responses to 8 interrogatories and 39 document requests, where Christian's answers are conditional— "notwithstanding" or "without waiving" stated objections—which the Omnis Parties contend "obscure" the record because they cannot determine whether information was withheld pursuant to those objections. ECF No. 43-1 at 4–5. The Court held a conference with counsel on September 23, 2025. ECF No. 59.

Generally, parties are entitled to nonprivileged information that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "It is axiomatic that a trial court has broad discretion to fashion discovery orders." *Kuhns v. City of Allentown*, 264 F.R.D. 223, 227 (E.D. Pa. 2010). A party may serve written interrogatories, Fed. R. Civ. P. 33, and document requests, Fed. R. Civ. P. 34, on another party, and the requesting party may move to compel a sufficient answer where a party fails to answer an interrogatory or respond to a document request or provides an evasive or incomplete answer or response, Fed. R. Civ. P. 37(a)(3)(B), (a)(4).

> When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the

> requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information."

*Lux Global Label Co., LLC v. Shacklett*, No. 18-cv-5061, 2020 WL 1700572, at *3 (E.D. Pa. Apr. 8, 2020) (alteration in original) (quoting *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019)).

Interrogatory No. 1 reads: "Identify each person, including the individual's telephone number, address, or other contact information, whom you have contacted or who has contacted you since August 30, 2023, about any Omnis Party." ECF No. 49 at 21.

Christian "object[ed] to this Interrogatory to the extent that it is ambiguous, vague, overbroad and/or unduly burdensome." *Id.* She further asserted that the "interrogatory asks for communications about 'any Omnis Party,' for communications *of any sort* for a 17-month period of time." *Id.* The parties dispute the scope and meaning of the phrase "contacted . . . about any Omnis Party" and whether the time period for the request is appropriately limited.

Christian argues Interrogatory No. 1 is not substantively limited in any way, so it would reach every conversation where an Omnis Party was mentioned, even in passing, over the course of the last, now, 25 months. *See* ECF No. 44 at 4. For example, it would require Christian to identify each prospective employer to whom she identified an Omnis Party as a former employer, or each friend or neighbor to whom she made a mere passing mention of her previous employment. *Id.* As such, she argues, it is overly broad and encompasses both relevant and irrelevant information. *Id.* The Omnis Parties, meanwhile, argue that the request is not overly broad and that it is proportionate because it is limited to the time period beginning 10 days before Christian's alleged termination from her employment and it only seeks identification of individuals Christian affirmatively contacted or who affirmatively contacted her about any Omnis party (not those to whom she mentioned an Omnis party in passing). ECF No. 47 at 5–6. They further argue that the information is relevant because Christian's discussions of the alleged discrimination, or a lack of such discussions, would tend to support or undermine her allegations. ECF No. 43-1 at 8.

This Court finds that Interrogatory No. 1 seeks relevant information within the scope of discovery but that its language is overly broad and vague. The Omnis Parties are entitled to discover whether Christian complained of the alleged discrimination during the time it allegedly occurred and thereafter, in circumstances where such complaints would reasonably be expected—e.g., excluding passing mentions of prior employment or listing an Omnis party as a previous employer on job applications. The parties' dispute illustrates the vagueness and resulting overbreadth of the current language. For example, "contacted . . . about any Omnis party" encompasses conversations specifically initiated to discuss an Omnis Party, as well as conversations about unrelated topics where Christian merely mentioned her prior employment. One would not expect an individual to complain of discrimination in her employment, whether or not it occurred, every time she mentions her former employer's name. Thus, Interrogatory No. 1, as currently worded, seeks both relevant and irrelevant information. The Court therefore DENIES the Omnis Parties' motion to compel a response to Interrogatory No. 1 but permits them to amend the interrogatory to clarify the scope of the conversations they seek. *See Leventhal v. MandMarblestone Grp. LLC*, No. 18-2727, 2020 WL 6888226, at *6 (E.D. Pa. Nov. 24, 2020) (ordering party to amend overly broad interrogatory to clarify information it seeks).

With respect to the Omnis Parties' request to compel Christian to withdraw her conditional responses, the Court recognizes and reminds Christian that general, boilerplate objections are improper. *See Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."). The Federal Rules require parties to "state with specificity" the grounds for each discovery request. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(C) ("[T]he response must . . . state with specificity the grounds for objecting to the [document] request, including the reasons."). "[B]oilerplate objections," or those that "merely state[] the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request," violate the Federal Rules of Civil Procedure. *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 441 (D. Utah 2020) ("The amendments to the Federal Rules of Civil Procedure themselves

BY THE COURT:

_____
Hon. Mia R. Perez

---

along with cases too numerous to cite here have all declared an ignominious end to the tradition of boilerplate objections.").

Nonetheless, where no documents or information were withheld based on the boilerplate objections, a motion to compel may be dismissed as moot. *See Hydrojet Servs. v. Sentry Ins. Co.*, No. 20-4727, 2022 WL 2168655, at *9 (E.D. Pa. June 16, 2022) (citing *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994)). Christian's counsel has clarified she withheld no documents or information subject to the asserted objections. ECF No. 44-2 at 3. Accordingly, this Court DENIES as moot the Omnis Parties' Motion to Compel Christian to withdraw her conditional responses but reminds Christian of her ongoing duty to supplement her discovery responses under Fed. R. Civ. P. 26(e) if she later learns they are incomplete or incorrect.