IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CHRISTIAN,<br><br>        Plaintiff,<br><br>v.<br><br>OMNIS GLOBAL TECHNOLOGIES, LLC; OMNIS BUILDING TECHNOLOGIES, LLC; OBT BLUEFIELD, LLC; OMNIS FUEL TECHNOLOGIES LLC D/B/A OMNIGEN; OMNIS SUBLIMATION RECOVERY TECHNOLOGIES, LLC; AND SIMON HODSON,<br><br>        Defendants. | Civil Action No. 2:24-cv-01319 |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Omnis Global Technologies, LLC; Omnis Building Technologies, LLC; OBT Bluefield, LLC; Omnis Fuel Technologies, LLC D/B/A Omnigen; Omnis Sublimation Recovery Technologies, LLC; and Simon Hodson ("Defendants") by and through their undersigned counsel, file their Answer and Additional Defenses to the Second Amended Complaint filed by Plaintiff Michelle Christian ("Plaintiff" or "Ms. Christian"). Defendants deny each and every allegation in the Second Amended Complaint not specifically admitted herein.

**I.      INTRODUCTION**

1.      Defendants admit that Ms. Christian purports to bring claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act, as amended ("PHRA"), the False Claims Act, 31 U.S.C. § 3730(h)(1), the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 Pa. Stat. Ann. § 260.9, and unjust enrichment, breach

of contract, and promissory estoppel. Defendants deny Ms. Christian's claims have merit. Any remaining allegations in Plaintiff's introductory paragraph are denied.

## II. JURISDICTION AND VENUE

2. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims.

3. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court has personal jurisdiction over Defendants.

4. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court is a proper venue.

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

## III. PARTIES

8. Admitted, upon information and belief.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 13.

## IV.   FACTUAL ALLEGATIONS

14. Admitted in part; denied in part. Defendants admit the allegations in paragraph 14. Defendants deny the allegations in footnote 1.

15. Denied.

16. Admitted in part; denied in part. Defendants admit Plaintiff was hired to work from home. Defendants deny the remaining allegations in paragraph 16.

17. Denied, inclusive of the allegations in footnote 2.

18. Admitted in part; denied in part. Defendants admit that Simon Hodson hired Ms. Christian and that her offer letter indicated she would be reporting to Hodson. Defendants deny the remaining allegations in paragraph 18.

19. Denied.

20. Denied.

21. Admitted in part; denied in part. It is admitted only that Jonathan Hodson is Simon Hodson's son and is the President of Omnis Building Technologies. Defendants deny the remaining allegations in paragraph 21.

22. Denied.

23. Admitted.

24. Admitted in part; denied in part. It is admitted that Mathew Hart is a member of the Church of LDS and is the VP of HR for Defendant Omnis Building Technologies. Defendants deny the remaining allegations in paragraph 24.

25. Admitted in part; denied in part. It is admitted that Blake Stephens is a member of the Church of LDS. Defendants deny the remaining allegations in paragraph 25.

26. Admitted in part; denied in part. It is admitted that Randall Smith is a member of the Church of LDS and is the CFO for Defendant Omnis Fuel Technologies. Defendants deny the remaining allegations in paragraph 26.

27. Denied.

28. Denied.

29. Admitted in part; denied in part. It is admitted only, upon information and belief, that Ms. Christian is not a member of the LDS. Defendants deny the remaining allegations in paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants lack knowledge or information concerning Ms. Christian's subjective feelings sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.[1]

---

[1] Defendants do not reiterate Ms. Christian's subsection titles. To the extent they are averments, they are denied.

60. Defendants lack knowledge or information concerning Ms. Christian's subjective beliefs sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied. Defendants deny making any false statements to state or federal officials.

61. Defendants lack knowledge or information concerning Ms. Christian's subjective beliefs sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Defendants deny having made any false statements to the federal or any state government.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted in part; denied in part.  Defendants admit that on September 9, 2023, Stephens instructed Plaintiff to "immediately cease and desist all work for any of the Omnis

companies" following her resignation and attempted negotiations for Plaintiff to continue work as a contractor per her suggestion. Defendants deny the remaining allegations in paragraph 75.

    76.    Admitted in part; denied in part. It is admitted only that, within a larger email, Stephens stated: "Please be very careful about how you move forward here Michelle. If you have retained counsel, I would encourage you to listen to their recommendations." Defendants deny the remaining allegations in paragraph 76.

    77.    Denied.

    78.    Denied.

## COUNT I

    79.    Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

    80.    Denied.

    81.    Denied.

    82.    Denied.

## COUNT II

    83.    Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

    84.    Admitted.

    85.    Denied.

    86.    Denied.

    87.    Denied.

    88.    Denied.

## COUNT III

89. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

90. Admitted.

91. Denied.

92. Denied.

93. Denied.

94. Admitted.

95. Denied.

96. Admitted in part; denied in part. It is admitted only that the Omnis Building Technologies' work was of great interest to federal, local and state politicians and it was expected to bring many jobs to the local area. Defendants deny the remaining allegations in paragraph 96.

97. Admitted in part; denied in part. It is admitted only that Simon Hodson and his son Jonathan Hodson were working to gain investors for the Omnis Building Technologies. Defendants deny the remaining allegations in paragraph 97.

98. Denied.

99. Admitted in part; denied in part. It is admitted only that Simon Hodson had secured investment opportunities for Omnis Building Technologies. Defendants lack knowledge or information concerning Ms. Christian's subjective beliefs sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

100. Admitted.

101. Admitted.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Admitted.

108. Admitted.

109. Admitted.

110. Denied.

111. Denied.

112. Admitted.

113. Denied.

114. Denied.

115. Denied.

116. Admitted.

117. Denied.

118. Admitted.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Admitted.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Admitted, upon information and belief.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Admitted.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

147. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Admitted.

164. Denied.

165. Denied.

166. Defendants lack knowledge or information concerning Ms. Christian's subjective feelings sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

167. Admitted.

168. Denied.

169. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

170. Denied.

171. Denied.

172. Denied.

173. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Admitted, upon information and belief.

184. Admitted, upon information and belief.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

191. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

192. Denied.

193. Denied.

194. Denied.

195. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

196. Denied.

197. Denied.

## **COUNT IV**

198. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

199. Admitted.

200. Admitted.

201. Admitted.

202. Admitted.

203. Admitted.

204. Denied.

205. Denied.

206. Admitted.

207. Denied.

## COUNT V

208. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

209. Denied.

210. Denied.

## COUNT VI

211. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

212. Denied.

213. Denied.

214. Admitted.

215. Denied.

216. Denied.

217. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

218. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

219. Denied.

220. Denied.

221. Denied.

## COUNT VII

222. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

## COUNT VIII

228. Defendants incorporate the assertions in the paragraphs above, as if fully set forth at length herein.

229. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

230. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit the allegations in this paragraph.

231.    Denied.

Defendants deny all the allegations in the WHEREFORE clause, including subparts A through F, and specifically deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Ms. Christian's Complaint fails to state any claim(s) upon which relief may be granted.

2. At all times, Defendants acted reasonably and in good faith.

3. Defendants exercised reasonable care to prevent and correct promptly any discrimination, harassment, or retaliation, and Ms. Christian unreasonably failed to take advantage of the preventative and corrective opportunities provided to her or to avoid harm otherwise.

4. Ms. Christian's claims for damages under the PHRA are barred to the extent that they are duplicative of, or preempted by, the remedies provided by Title VII.

5. Defendants took reasonable steps to comply with antidiscrimination laws and any acts in violation of the statutes were in contravention of Defendants' good faith efforts to comply.

6. Plaintiff has failed to properly mitigate any damages which may have been suffered, and as a result of such failure to mitigate, any damages awarded must be reduced accordingly. Defendants are entitled to an offset to the extent of any mitigation by Plaintiff.

7. Ms. Christian's claims are barred, in whole or in part, by the defense of payment.

8. Plaintiff's claims are subject to the doctrine of after-acquired evidence on at least two bases. First, Ms. Christian besmirched Defendants. For example, on July 3, 2024, the Omnis Parties learned that Ms. Christian called one of Defendants' third-party consultants, Randa Fahmy of Fahmy Hudome Int'l, LLC, and told Ms. Fahmy that Simon Hodson "is trafficking women" and "trafficked two young women and had me involved in it." Ms. Christian stated that "one of them I

put up in an apartment and they married off the other one to some Mormon guy." Ms. Christian then stated "yeah, he's trafficking women like Jeffrey Epstein." Ms. Christian encouraged Ms. Fahmy to read the Complaint she filed in this case. And second, Ms. Christian misappropriated Omnis's property. For example, beginning on September 5, 2023, and continuing after a September 9, 2023, directive to return company property and to cease work, Plaintiff improperly sent at least 392 emails, many with multiple attachments, from her work email account to various personal email accounts. Defendants were unaware of the alleged misconduct at the time of Ms. Christian's termination, that misconduct was of such severity to justify discharge, and it would, in fact, have led to Ms. Christian's discharge. Plaintiff's misconduct is also an insuperable barrier to her reinstatement and any other equitable relief. Discovery may yield further bases for the defense. As such, any remedy or recovery to which she may have been entitled, inclusive of front pay and reinstatement, must be denied or reduced accordingly.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, and that the Court award such other relief as it deems appropriate.

Dated: November 13, 2025

Respectfully submitted,

*/s/ Matthew J. Hank*

Matthew J. Hank, Bar No. 86086
mhank@littler.com
Alexa J. Laborda Nelson, Bar No. 314652
alabordanelson@littler.com
Haley R. Norwillo, Bar No. 333731
hnorwillo@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
Telephone:   267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of November 2025, a copy of the Defendants' Answer to the Second Amended Complaint was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Ari R. Karpf, Esq.
>Christine E. Burke, Esq.
>KARPF, KARPF & CERUTTI, P.C.
>3331 Street Rd.
>Two Greenwood Square, Suite 128
>Bensalem, PA 19020
>(215) 639-0801
>akarpf@karpf-law.com
>cburke@karpf-law.com
>
>*Attorneys for Plaintiff*

>/s/Matthew J. Hank
>Matthew J. Hank