Joint Status Report Pursuant to Rule 26(f)

Caption:

*Michelle Christian,* **Plaintiff**

    *v.*

*Omnis Global Technologies, LLC, Omnis Building Technologies, LLC, OBT Bluefield, LLC, Omnis Fuel Technologies, LLC d/b/a Omnigen, Omnis Sublimination Recovery Technologies, LLC, and Simon Hodson,* **Defendants.**

Civil Action No.: **2:24-cv-01319**

Basis of Jurisdiction: **28 U.S.C. § § 1331, 1343(a)(4), 1367; Fed. R. Civ. P. 13**

Jury Trial: **X**          Non-Jury Trial:____          Arbitration:____

1.     **Plaintiff's brief factual summation of the case and claims:**

    Cognization of this Court's ruling on various motions of this case, Plaintiff will dispense with a muti-page summary of her 35 page Amended Complaint. In summary fashion, Plaintiff summaries as follows:

    Defendant Simon Hodson is the named CEO for each Defendant entity in this case, but importantly for Omnis Global Technologies, LLC ("OGT"), a clean energy company. The other named entities: Omnis Building Technologies, LLC ("OBT"), Omnis Fuel Technologies, LLC ("OFT") now d/b/a "Omnis Energy," and Omnis Sublimination Recovery Technologies, LLC ("OSRT") are all wholly owned by OGT, (OBT Bluefield is wholly owned by OGT and OBT). They each have centralized labor relations, as the CFO for each entity is one Randall Smith. While OFT and OSRT do not have any W2s employees, OGT, OBT and OBT do and utilize a shared VP of Human Resources, as well as shared General Counsel. These entities primarily conduct business in the States of California, Delaware, New York, West Virginia and Pennsylvania.

    At all times during her employment, Ms. Christian resided in Bucks, County, PA. Ms. Christian is a 51-year-old licensed attorney in good standing (and has been licensed since 2003 – 22 years). Ms. Christian is married with three (3) children, and she is not a member of the Latter Day Saints Church, at issue in this case.

    Before coming to work for Mr. Hodson and his group of Omnis companies, Ms. Christian had been serving as a Senior Advisor of External Affairs for the U.S. Department of Energy. As one can imagine from his business portfolio -- and his intended expansion efforts set forth in the Amended Complaint -- Ms. Christian was seen as a potential asset to join the Omnis family of businesses and develop ties with local legislators, government agencies and willing businesses. Ms. Christian was offered employment with Omnis as a "Vice President of Government Relations," effective Nov. 16, 2020.

    Apart from Mr. Hodson's various business interests with the Omnis' family of companies, it was no secret during Ms. Christian's employment (and even through the present) that Mr. Hodson

was and is a proud member of the Church of Latter Day Saints. Mr. Hodson and his son-in-law Doug Quezada[1] (co-Chair of the 'Latter-day Saints for Trump' coalition) developed many political ties in the community through the LDS Church, which they monopolized to further Omnis' business interests. Many of the high-level executives whom Mr. Hodson brought into his Omni family companies over the years were and are members of the LDS Church. This includes importantly his brother: Jonathan Hodson, President of OBT (who oversaw Christian as well), the Director of HR (Mathew Hart) and General Counsel (Blake Stephens)(intimately involved in the circumstances leading to Christian's separation).

      Ms. Christian alleges that Simon Hodon tried to *pretty aggressively* convert her ("bring her over") to the LDS faith during her time with Omnis, and made numerous comments degrading women in general (outright stating women are better suited for "staying at home"). Not surprisingly, Christian was the only female in any type of executive leadership position in the company. Ms. Christian tried to bring formal complaints to Omnis' HR Director Hart opposing sexist mistreatment and efforts to force religion – not surprisingly, those complaints fell on deaf ears. Hart simply supported Hodson in all respects and was loyal to him and their Church. Hodson's brother (Jonathan) informed Ms. Christian she simply did not understand how "high up" in the LDS Church Simon Hodson was – to which Ms. Christian responded she did not care.

      As referenced in the Amended Complaint, Ms. Christian was working tirelessly with various prospects for funding in relation to Mr. Hodson's efforts to i.) develop a power plant in West Virginia (which was supposed to bring 100s of jobs to the local areas), and ii.) divert resources toward a project building energy efficient affordable housing. To date, the power plant never got off the ground, and OBT Bluefield never had more than a whopping 5 employees by 2023. Apart from the endeavors failures (and public articles in local community holding out hope this power plan and its coal energy capabilities will come to fruition) – one primary allegation in this case is Mr. Hodson's efforts to defraud local and state agencies obtain federal funds.

      Mr. Christian's refusal to be a party to downright fraud culminated in a real time debates between she and Simon Hodson – leading to her separation on September 9, 2023. While Hodson claims she simply resigned at a political event in late August of 2023, this is vehemently disputed. After 11 months of written discovery with Omnis, Hodson's only claim of support for this assertion is his "say so," and purported corroboration from one of his political allies, former WV Senator (R) William "Bill" Cole (also one of Hodson's primary investors). The incidents on August 30, 2023 were disgusting (at least a jury will find as much), and included Hodson making advances toward Ms. Christian. Documented text messages from 9/6/2023 show Ms. Christian asking Mr. Hodson not to touch like that her ever again, including references that he would not have engaged in such behavior if she were a male. There was no indicia that Ms. Christian was to be terminated at any point prior to her protestations via text on Sept. 6, 2023 Stephens (GC) wrote via email on September 9, 2023 – at Hodson's direction, that Ms. Christian was to "immediately cease and desist all work for any of the Omnis companies."

---

[1] Quezada is a CA businessman and entrepreneur as well.

After that, Simon Hodson sued her in state court for purported conversion claims over a disputed "company owned" computer, sued her in California in arbitration alleging a host of trade secret claims, and he has tried to include additional counter claims in this civil rights suit for defamation – which claims were dismissed for lack of subject matter jurisdiction. Put simply, Mr. Hodson believes he is above the law, and can treat people (women and non-LDS members in particular) however he wants, and penalizes those who oppose his illegalities activities.

2.  **Defendants' brief summation of the case, claims, and defenses:**

Defendant Simon Hodson is a named inventor on over 100 U.S. and over 400 foreign-related patents, and the Founder and Chairman of the Omnis family of companies. He has created over 100 companies, most of which were created with the public interest in mind. He has employed thousands of individuals in various countries. Among Omnis' recent and prominent areas of focus has been the use of hydrocarbon-to-hydrogen clean energy power generation. This cutting-edge technology reforms natural gas and coal to produce hydrogen, which can then be used to generate electricity – while capturing greenhouse gases produced in the process. Another of Mr. Hodson's endeavors is building high quality homes in just a few days using novel manufacturing processes and materials.

In 2020, while Plaintiff Michelle Christian was working as a staff member for the U.S. Department of Labor, she attended a presentation Mr. Hodson was giving to various government leaders of the technology he had developed. Following the presentation, she expressed to Mr. Hodson that it was one of the greatest technologies that she had ever seen, remarking that it would positively affect society, creating many new jobs. Later, in a subsequent meeting, she shared with Mr. Hodson that it was her belief that, to successfully commercialize his technology, the company needed somebody who could coordinate and perform liaison activities at both the state and federal level and that she would be leaving her job with the federal government soon and would love to join the Omnis team to perform that function. Defendants asked her to write up her job parameters for this new role, including a compensation package. Ms. Christian was offered and accepted a job with Defendant Omnis Global Technologies, LLC's ("OGT") as Vice President of Government Relations. Ms. Christian is a woman. When the job offer was made, there was no discussion as to the church she belonged to; Omnis had no reason to believe she was a member of the Church of Jesus Christ of Latter Day Saints ("LDS"), the church to which Mr. Hodson belongs. Those considerations played no role in his decision. Mr. Hodson offered the role to Ms. Christian because as a liaison with state and federal offices, she might be helpful in commercializing their technology.

Ms. Christian accepted, and held that job from November 16, 2020, until the Covid outbreak forced the company in July 2021 to furlough all employees. Shortly thereafter, OGT sent Ms. Christian and other furloughed employees letters proposing their reinstatement to Omnis at a reduced salary with the promise of a 10% bonus representing the difference between their pay subject to the reduced salary and their pay subject to their prior salary. On July 29, 2021, Ms. Christian signed the proposed agreement, thus reinstating her position at OGT. In 2022, OGT paid Ms. Christian her furlough bonus. In April 2022, Ms. Christian's employment was transferred to Defendant OBT Bluefield, LLC ("OBT Bluefield"), shifting her focus from OGT, and concentrating more on OBT Bluefield. During her employment with OBT Bluefield, she was the

highest paid employee and was given responsibility for public relations and commercialization, putting OBT Bluefield in contact with government officials.

At Plaintiff's request, the Omnis companies hired a couple of independent consultant groups that reported to her, to assist her with her responsibilities. Despite this, she continued to claim she needed more assistance. So, an additional group that reported directly to Mr. Hodson was hired to focus on work in the state of Utah and federal activities. Ms. Christian immediately had conflicts and disagreements with the new group, making it clear that she preferred her group of consultants over the other. She was asked to prepare an extremely important press release timed with a statewide event held on August 30, 2023, at the Greenbrier resort with government officials, private industry leaders, lawmakers and influential parties in attendance. Unfortunately, the press release was not timely prepared, so the new consultant group was asked to assist. Upon learning of this, while the full convention hall was waiting to hear the Governor's address, Ms. Christian approached the Omnis table and abruptly, loudly, and disagreeably announced her resignation – on the convention floor, of the Greenbrier resort, in front of some of the very government officials with whom Omnis needed to cultivate good relations. Efforts to repair the rift over the next 10 days failed, and Ms. Christian ceased work for the Omnis family of companies no later than September 9.

The separation on the part of Ms. Christian was, regrettably, anything but amicable. The response from Mr. Hodson and the Omnis team regarding her resignation was professional and reasonable. Ms. Christian, on the other hand, refused numerous entreaties to return company property, including her work computer, returning it only in 2024 (after a court ordered her to do so), and after wiping the computer's hard drive before returning it. After the separation, in addition to refusing to return Omnis' property, Ms. Christian asserted she had been the victim of sex and religious discrimination, harassment, and retaliation. Additionally, she claimed to be owed wages, and insinuated Mr. Hodson used his position to obtain illicit access to young women. Finally, Ms. Christian claimed to be a whistleblower—asserting that in 2023, Mr. Hodson sought to secure a loan based on false representations, which she purportedly protested. These assertions eventually led to the claims in Ms. Christian's Second Amended Complaint at ECF 63.

None of Ms. Christian's legal theories are valid. Ms. Christian quit on August 30, 2023. That is all there is to it. Nothing that happened to Ms. Christian was because of her sex, because she was not a member of the LDS Church, because she protested unlawful conduct, or because she made known her intentions to report any allegedly false claims to government officials. She was never cheated out of pay. Mr. Hodson did not use his position to traffic or groom young women. Mr. Hodson and the Omnis Defendants intend to defend themselves against Ms. Christian's unsupported and unjustified allegations.

Mr. Hodson and the Omnis parties do not intend to stand by passively while they are slandered. In this lawsuit, they intend to vindicate their good names by defeating Ms. Christian's allegations and proving their after-acquired evidence affirmative defense, highlighting Ms. Christian's malfeasances.

3.  Plaintiff's counsel participating in the Rule 16 Conference: **Christine Burke**

4. Defendants' counsel participating in the Rule 16 Conference: **Matthew Hank**

5. When did the parties hold the Rule 26 Conference? **February 2025**

6. When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? **The parties exchanged their initial disclosures on February 20, 2025.**

7. Plan for Discovery:

   a. The parties anticipate that discovery should be completed with **180** days.

   b. If you contend the discovery period should exceed 90 days, please explain: **The parties anticipate the need for multiple depositions of individuals located across the United States and abroad. Due to the number of claims and in light of the scope of the allegations in the Second Amended Complaint, the parties are that 90 days is insufficient to complete discovery.**

   c. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? **Yes, during the Rule 26(f) conference.**

   d. Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan:

   **The parties agreed to and the Court entered a protective order January 5, 2026.**

   **The parties are meeting and conferring on the form of production. Defendants are seeking the production of documents in TIFF + format.**

   e. Does either side anticipate the use of experts? **No**

   If yes, what is the proposed deadline for expert discovery?

8. Proposed deadline for dispositive motions: **45 days after the close of discovery**

9. Approximate date case should be trial-ready: **60 days after a ruling on dispositive motions.**

   Time for Plaintiff's case: **3-4 days** Time for Defendants' case: **Five days**

10. Does your client consent to proceeding before a Magistrate Judge for final disposition? **No**

11. Is a settlement conference likely to be helpful?

    If so, when:  Early  **No** (yes/no)         After Discovery  **Yes** (yes/no)